### PICKENS *v.* JACKSON.

PER CURIAM. When this case was before this court on a former occasion (*Pickens* v. *Jackson*, 152 *Ga.* 100, 108 S. E. 536), the judgment of the trial court sustaining a general demurrer to the petition as amended was reversed. After the judgment of the Supreme Court was made the judgment of the trial court, the case was referred to an auditor. The plaintiff filed exceptions of fact and law to the auditor's report. The trial judge disapproved the exceptions of fact, and overruled the exceptions of law. *Held:*

1. It was the province of the auditor to pass upon all questions of law and fact.

2. Though conflicting, the evidence was sufficient to support the findings of the auditor on the several questions of fact to which the exceptions of fact related.

3. The rulings of the auditor were correct on the questions of law to which the exceptions of law relate.

4. Applying the foregoing rulings, the trial judge did not err in disapproving the exceptions of fact and overruling the exceptions of law and in rendering final judgment for the defendant.

No. 4625. SEPTEMBER 22, 1925.

Equitable petition. Before Judge Bell. Fulton superior court. May 8, 1924.

*B. T. Frey* and *H. B. Moss,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendant.

RUSSELL, C. J. The plaintiff complains that, under the decision of this court when this case was here before, this court ruled that the plaintiff was entitled to recover in any event, and that therefore, "in the light of the former decision in this case, . . under the evidence in the bill of exceptions, this honorable court stands in the very unique attitude of being reversed by an auditor appointed by the superior court. If the findings of the auditor were to be allowed to prevail this bit of irony would become in effect true." The plaintiff in error contends that she proved her case as laid. This is true, and had there been no further testimony a recovery by the plaintiff would have followed as an absolutely necessary legal consequence. However, every statement of fact upon which the case of the plaintiff depended was met by the evidence in behalf of the defendant in conflict therewith. A finding by the auditor in behalf of the plaintiff would have been authorized, but in view of the conflict in the evidence such a finding was not demanded if the auditor preferred to believe the testimony in behalf of the defendant rather than even a larger number of witnesses testifying in behalf of the plaintiff. The ruling when the case was here before was upon demurrer, and confined to the merits of the petition, which we held was sufficient to withstand the demurrer, and that therefore the trial judge erred in dismissing the petition. This was a holding that the plaintiff was entitled to recover in case she proved her case as laid, but a case is never *proved* where the testimony which supports it is discredited to the satisfaction of the tribunal which tries the issue.

*Judgment affirmed. All the Justices concur.*