**55 P.(2d) 663**

**DACUS et al. v. MARYLAND CASUALTY CO.**

**No. 4095.**

Supreme Court of New Mexico.
Feb. 28, 1936.

Charles H. Fowler, of Socorro, for appellant.

M. C. Mechem and Donald B. Moses, both of Albuquerque, for appellees.

ZINN, Justice.

Appellant, Maryland Casualty Company, a corporation, was the defendant, and the appellees were the plaintiffs, in the trial court. Any reference hereafter to appellee shall be taken to mean appellee Lillie Mae Dacus.

Appellees Lillie Mae Dacus with Charles Clinton Dacus and Ila Dacus, minors, by Lillie Mae Dacus, their guardian and next friend, sued in the district court of Catron county to recover judgment against appellant for certain sums which they alleged had accrued and were unpaid under a workmen's compensation award made to them by the Industrial Accident Board of the state of Texas.

Wm. A. Dacus, husband and father of appellees, died April 4, 1929, while employed by Cosden Oil Company, a corporation, at Big Spring, Tex. He was accidentally killed while engaged in such employment. Appellant was the insurer of Cosden Oil Company and its workmen, and the appellant and Cosden Oil Company were ordered to pay to appellees certain sums of money in monthly installments as compensation.

Appellees' complaint set up three causes of action; the first being for appellee individually and asking judgment for an unpaid portion of the award claimed to be due her in the sum of $560.94; the second being for appellee as guardian for the minors and praying judgment for an unpaid portion of the award claimed to be due her as such guardian in the sum of $610.05; and the third cause being for her personally and as guardian and asking judgment for money due her in such manner and claimed to be unpaid in the sum of $496.52.

The appellant answered, denying the allegations of any sums due and owing from appellant to appellees. Appellant alleged that all the sums accrued and due on the award had been fully paid to appellees before the bringing of the suit, and that appellant's drafts for each monthly installment under the award were delivered and paid to appellees either in person or to their attorney of record promptly as they became due, and that all such drafts were presented for payment and paid.

Appellees replied, denying that appellant paid any sum or sums due them to any attorney representing them. Appellees contended that title 130, Revised Civil Statutes of Texas 1925, and acts amendatory thereto (Vernon's Ann.Civ.St. art. 8306 et seq.), under which the awards were made, provide that all awards of compensation adjudged to be due beneficiaries under said laws shall be paid directly to those entitled to receive them, and that, if appellant paid the awards due appellees to any person or persons representing themselves to be appellees' attorney or agent, such payments do not constitute payment to appellees, and that the awards are still due, owing, and unpaid.

The Texas statute in question is as follows: "Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. The compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law." Section 8a, art. 8306.

Also the following: "It is the purpose of this law that the compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein." Section 18, art. 8306.

Appellant then pleaded estoppel by conduct, contending that for approximately two years appellee personally and as guardian stood by and permitted the appellant to send the compensation checks to R. H. Morgan, who was the attorney of record for appellees in all proceedings before the Industrial Accident Board of the state of Texas, and that appellee knew the checks were payable to her, individually or as guardian, and were deliverable to her at her request, and that by reason of her conduct appellee is estopped to deny that Morgan was her attorney and agent with authority to receive the checks for her.

When the Industrial Accident Board of the state of Texas awarded compensation to appellee, it ordered the appellant to pay Morgan a fixed attorney's fee. Morgan received his fees direct from appellant. Appellant, in sending checks to Morgan, was following its usual custom. All of the checks were sent by appellant to R. H. Morgan. No claim is made that checks for all the accrued compensation involved in this suit were not sent by appellant. The trial court found that all such checks were sent to Morgan for delivery to appellees and that they were presented for payment and paid, and that the appellant made the remittances in good faith.

The checks which make up the amounts sued for in this action were indorsed by Morgan with the name of the payee followed by his own name. Appellee testified that she had never received any of the money represented by the checks totaling the amounts claimed by her. About the first of the year, 1931, appellee asked the appellant to send all future checks to her, and the request has been complied with. This action does not involve any checks or amounts accruing on the award after that time.

After trial and argument, the appellant presented requested findings of fact and conclusions of law, some of which were found by the court, some were modified and found as modified, and some were not found or refused.

The court found for the appellees upon the first and second causes of action and for appellant upon the third, and rendered judgment against appellant for the amounts by

the court considered established by the evidence on the first two counts, being $546.90 principal and interest on the first and $663.-59 principal and interest on the second, and for costs. From this judgment the case is here on appeal.

The issues presented are summarized as follows: First, that the judgment is not supported by any substantial evidence; that there is an entire lack of competent and credible evidence to prove that any part of the money sued for was not actually paid over to appellee. Second, that the appellee stood by and knowingly permitted the payments to be sent to Morgan as appellee's attorney, and therefore cannot now be heard to say that Morgan had no authority to receive the checks for appellee, and that Morgan, as such attorney, had authority to receive the checks, and that the payment to Morgan was payment to his clients, the appellees.

As to appellant's contention that the judgment is not supported by substantial and competent evidence, we are not impressed. Appellant, in a very able, sincere, and earnest argument in brief, urges the proposition that, because the trial court found certain inconsistences in the testimony of appellee, and as a result thereof ruled against appellee on her third cause of action, therefore the court was in error in ruling in her favor as to the first and second causes of action. It was the province of the trial court to determine the facts. He found that appellee was correct as to her claims in the first and second cause of action, and it is not for us, where there is evidence to support such finding, to say to the trial judge, "You should have disbelieved all." The very phrase quoted strenuously by appellant, and which it contends supports its view, from Pickens v. Jackson, 161 Ga. 124, 129 S.E. 639, that "a case is never proved where the testimony which supports it is discredited to the satisfaction of the tribunal which tries the issue," supports us in our conviction. The testimony of appellee as to her claim in the third cause of action was discredited to the satisfaction of the tribunal which tried the issue. He found against her on that. He found in her favor on the other two causes of action. We often find claims allowed in part and disallowed in part. The trial court disbelieved Morgan as to part of his testimony, and we may add rightfully so after a review of the record. The trial court did not have to disbelieve Morgan in toto.

We have examined the record and find that the judgment is supported by substantial evidence. We refuse to disturb this matter on appeal. This rule is too firmly established in this jurisdiction to even require the citation of authority.

As to the second claim of error, we must likewise rule against appellant.

Payments of the award under the act are to be made directly to the claimant. The sending of the checks by appellant to Morgan was not payment to appellees. True that Morgan was the attorney employed to present the claim, but he had no specific power of attorney to collect the money due his client. He received a check payable to

the order of his client. He signed his client's name, and appropriated the proceeds.

The appellee in paying the money to Morgan takes the burden of showing that Morgan was authorized to receive it. This authority may be expressed or implied. No express authority being shown or claimed to exist, the question is whether, from the facts and circumstances proven, the law will imply the authority to receive the money in satisfaction of the judgment.

All the cases agree that an attorney of record, retained to prosecute a suit at law for his client, has authority to receive the money recovered. 2 R.C.L. 993; 76 Am.Dec. 259, note.

In a court of record, by retaining Morgan as attorney and allowing him to appear as such upon the records, appellee would hold Morgan out to the appellant as having the authority conferred upon such attorneys, and appellant would have been justified in so dealing with him until it received actual notice that such authority had been revoked.

The law, however, does not imply that a client invests his attorney with any such general power and authority when he is only employed to do some particular act in connection with a cause not in a court of record, but before a board before whom any person may appear as an agent. The Industrial Accident Board of Texas is clearly not a court. It is a board without power to enforce its own judgments. See Vestal v. Texas Employers' Insurance Association (Tex.Com.App.) 285 S.W. 1041–1043.

When an attorney appears before such a board, his representation is for the transaction of business lying within the scope of an ordinary agency. This is the law as stated in 2 R.C.L. 980, § 58: "When the attorney is not appearing for a party in a court of justice, but his representation is for the transaction of business which would lie within the scope of an ordinary agency which any person is capable of transacting, the presumption of authority obtaining in court, cannot be claimed. Strangers cannot safely deal with him on the faith of such representation, and they have the right to demand from him some reasonable and satisfactory evidence of his authority—other evidence than his mere assertion."

This rule was applied in the case of United States v. Sloat (D.C.) 56 F.(2d) 434, 435, where the court said: "It appears that different principles of law apply to attorneys, depending upon the nature of their employment. Where an attorney is employed to conduct a court proceeding, he has presumptive authority to act for his client, and possibly would have authority to indorse checks drawn in his client's name, especially if the authority of the attorney is noted on the check in addition to the name of the client. His authority arises from the fact that he is an officer of the court, but where the attorney is not appearing for a party in a court of justice but for the transaction of business, involving an agency, there is no presumption of authority, and

his rights must be governed by the terms of his employment, as applies to any other ordinary agency."

■ The law recognizes a clear distinction between the powers implied from a general retainer to commence, prosecute, and control a cause until judgment is rendered, and for special employment for a special purpose. When an attorney is called upon to perform some specific service, and does only the particular work which he was retained to perform, his implied authority to bind his client is limited to the proper conduct of the specific work intrusted to him. If from the nature of the attorney's employment it clearly appears that such attorney is empowered to receive the money, we would necessarily hold that payment to the attorney is payment to the client.

■ In the instant case Morgan appeared for the purpose of presenting the claims of appellees. The claim was allowed. The payments were to be made in weekly installments. The fees of Morgan were paid direct. The statute eliminated any interest on his part in the award. He had no lien upon the award. There was no implied authority in him to receive the weekly payments. As we view it, the resulting effect is that Morgan was the agent of the appellant, the insurance company, and not the agent of the appellees. There can be no estoppel against appellee. The appellant made it possible for Morgan to appropriate the money belonging to appellee. As between the appellant and appellees, the appellant must suffer.

For the reasons given, the judgment will be affirmed. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and BRICE, JJ., concur.