ARENDALE, administrator, *v.* SMITH, guardian.

1. An auditor's report of the evidence taken by him upon the hearing of a case constitutes a portion of the record thereof, and may be specified and dealt with as such in bringing that case to this court.

2. In view of the evidence appearing in the present record, and of the rulings of the trial judge to which no exceptions were taken and which were apparently correct, there could be no lawful judgment against the plaintiff in error, and the court erred in not so adjudging.

Argued March 23, — Decided June 7, 1899.

Exceptions to auditor's report. Before Judge Kimsey. Rabun superior court. February term, 1898.

*W. S. Paris* and *H. H. Dean*, for plaintiff in error.
*W. F. Findley*, contra.

LUMPKIN, P. J. This case originated in the court of ordinary, upon a citation issued at the instance of Charles Smith, as guardian of certain minor heirs, against M. L. Arendale, for a settlement of his accounts as administrator of their deceased father. On appeal to the superior court, the case was referred to an auditor, to whose report both parties filed exceptions. After passing upon the legal sufficiency of these exceptions and submitting to a jury certain questions of fact thus raised, the court below rendered a final judgment in favor of the plaintiff. To this judgment, and also to various rulings made by the judge below, Arendale excepted.

1. He thus seeks to bring under review the action taken by the court below in overruling certain exceptions filed by him to the auditor's report. As material to a clear understanding of the errors complained of, the bill of exceptions specifies various portions of this report, in which the auditor's findings and a brief of the evidence upon which he predicated the same are duly set forth. On the argument here, opposing counsel made a motion to dismiss the writ of error, on the ground that this was not the proper manner in which to bring to this court the evidence introduced before the auditor. Obviously, this point is not well taken. As was explicitly ruled in *Green* v. *Coast Line Railroad Co.*, 97 *Ga.* 16: "The evidence taken by a master and duly reported by him to the court appointing him is a part

of the record in that court of the case to which it appertains, and, when specified in the bill of exceptions as material, is properly brought to the Supreme Court in the certified transcript. This being so, the motion to dismiss the writ of error is denied." To the same effect, see *Fouche* v. *Harison*, 78 *Ga.* 359, wherein Chief Justice Bleckley, in delivering the opinion of this court (page 409), said: "The master's report of the evidence is no less a part of the record than is the rest of the report, and the whole report should and does come up in the transcript. It follows that none of the evidence need be incorporated or referred to in the bill of exceptions." The case of *Kirby* v. *Lippincott*, 98 *Ga.* 426, which was relied on by counsel for the defendant in error, clearly has no application to the question now presented. On the contrary, as a casual inspection of the report of that case will show, the decision therein announced relates solely to the practice to be pursued where a case has been submitted upon its merits to a trial judge without the intervention of a jury and no motion for a new trial is made, but direct exception is taken to the judgment rendered.

2. It appears that this case was twice before the auditor. Exceptions having been filed to his original report, the court passed a consent order directing that "the case be rereferred to [him] to be reheard de novo as to the issues raised by the exceptions to the auditor's report only, but not as to any other issue in the case." It had, at the first hearing before the auditor, been insisted in behalf of the defendant that he was not liable to account for the value of certain notes coming into his hands as a part of the assets of the estate to be administered, notwithstanding he had erroneously charged himself therewith in his first annual return to the ordinary, for the reason that nothing had in fact been collected thereon, though he had exercised all reasonable diligence in endeavoring to enforce payment of the same. As to two of them, which we will hereinafter designate as the "McClain notes," the auditor found the defendant was not liable, because he used proper diligence to collect them, and failure to realize anything thereon did not result from any fault on his part. To this finding the plaintiff filed no exception. The defendant, however, ex-

cepted to the auditor's report in this connection, on the ground
that, although he expressly found as just stated with respect to
the McClain notes, he nevertheless erroneously included them
in the amount with which he debited the defendant, not hav-
ing deducted their face value from the aggregate sum with
which the latter charged himself in his first annual return.
In the second report filed by the auditor, after again hearing
the case and passing upon the issues submitted to him in the
light of additional evidence, he stated his conclusion in regard
to the McClain notes to be that the defendant should be
charged therewith, and, accordingly, included in the amount
found against the defendant their face value with interest from
maturity. Apparently, the auditor also found against the de-
fendant's contention that he had, by mistake, charged himself
with both of these notes in making his first annual return to
the ordinary; for no credit therefor was allowed by the auditor
in determining what sum of money had come into the defend-
ant's hands prior to the filing of that return. The defendant
excepted to the auditor's last finding in regard to these two
notes, and alleged that it was erroneous, (1) because on the
former hearing he had adjudged that the defendant was not
liable to account therefor, which ruling was acquiesced in by
the plaintiff "and was therefore not open to review" under
the order of the court rereferring the case to the auditor; and
(2) "because the evidence in the report shows these two Mc-
Clain notes have been charged erroneously against the admr.,
not only once but twice," it clearly appearing that the face
value of the same was included in the amount found to be in
his hands at the date of his first annual return, notwithstand-
ing the evidence showed conclusively that although the de-
fendant had therein charged himself with both notes, neither
of them had actually been collected. The court held the first
ground of exception well taken, but declined to approve the
second ground as meritorious. Error is assigned upon the
action taken in regard to this latter exception.

We have carefully reviewed the evidence introduced before
the auditor, and the portions of the same, together with the
conclusions therefrom, which are material to a proper and final

disposition of this case, are hereinafter stated. We can not agree with the trial judge that "it nowhere appears that the deft. admr. charged himself with the said McClain notes in his first annual return, as alleged by him in this exception, as cash; and, if it did appear that he had done so, he has not shown that he should be relieved from such a mistake." On the contrary, we are of the opinion that the evidence demanded a finding that the administrator did in fact erroneously charge himself with these two notes as claimed, and should therefore be credited therewith, notwithstanding he did not go further and show by satisfactory evidence "some accident, mistake, or fraud, without negligence on his part, as would relieve in equity," a failure to do which the trial judge also assigned as a reason for not sustaining this exception. The plaintiff was entitled to call the defendant to account for those assets only of the estate coming into his hands upon which he actually realized, or ought by the exercise of proper diligence to have converted into cash. The returns made by the administrator were only prima facie evidence as to what amounts of money had been received by him from various sources, being in the nature of admissions against interest, but by no means conclusive upon him in a settlement between him and the heirs of the estate he represented. Furthermore, in the particular return under consideration, the defendant was not undertaking to set forth an account merely of the cash which he had derived from a sale of assets belonging to the estate, but actually charged himself with "amount of sale bills from appraisement, with notes and accounts." He testified before the auditor that the notes therein referred to were those specified in a schedule of the property of the deceased, made out by appraisers appointed to set apart a year's support for his widow and minor children. This document was introduced in evidence, and purported to show the amounts and the names of the makers of seven promissory notes, including those executed by McClain, of which the deceased was the holder. Unless the aggregate amount of these seven notes be added to the proved value of all other personal assets which had been sold prior to the date of the defendant's first annual return as administrator, the $530.33 with which he therein charged

himself can not, under the evidence submitted, be accounted for. It was admitted on the hearing that the defendant was not liable in regard to any of the real property belonging to the estate, the same having been levied on and sold by the sheriff under executions issued agreeably to law. The whole contest was over a proper accounting for the personalty coming into the defendant's possession; and as the plaintiff failed entirely to meet the explanation offered by the defendant to show what was included in the first charge against himself of $530.33, and no attempt was made to impeach him or to impair his credit as a witness, we are at a loss to perceive upon what basis the auditor rested his finding that prior to the date of the first return made by the defendant "there had come into his hands the sum of $503.69," for which amount he was held to be then accountable. If, as we think should have been done, the auditor had deducted from the amount last mentioned, the sum of $58.25, the face value of the McClain notes, then the total amount which the auditor upon the last hearing found to be due would have been reduced just $88.83. This is so because $58.25, with interest at 7 per cent. for seven and one half years (the time for which the auditor charged interest on the $503.69, which included the $58.25) would amount to exactly $88.83. Under the decree rendered by the court, the auditor's finding of $267.93 in favor of the plaintiff was scaled down to $87.05 by allowing the defendant certain credits to which he was entitled in respect to other matters as to which the auditor committed error. It will therefore be seen that, had he not erroneously included a charge of $88.83 on account of the McClain notes, no decree in any amount could have been rendered in the plaintiff's favor; and it follows, of course, that the defendant would not be liable for the auditor's fees or other costs of the litigation.

The bill of exceptions contains a number of assignments of error not dealt with or alluded to in the foregoing discussion; but as the decision herein announced disposes of a controlling issue in the case and practically puts an end to the whole controversy, we deem it unnecessary to pass upon any of the other points raised by the plaintiff in error.

*Judgment reversed.   All the Justices concurring.*