## McCOY *v.* JOHNSON, administratrix.

1. The court did not err in overruling the motion to recommit the case to the auditor, no sufficient reason being shown therefor. Matters of law, upon which this motion was based were fixed and concluded in the decision of the case when formerly before this court. "An auditor may file with his report, as a brief of the oral evidence, the questions and answers of witnesses as transcribed from a stenographic report of the case." *Linder* v. *Whitehead,* 125 *Ga.* 115 (53 S. E. 588) ; *McCord* v. *City of Jackson,* 135 *Ga.* 176 (1-*b*) (69 S. E. 23).

2. "It is incumbent upon a party excepting to the report of an auditor in an equity case, when the exceptions thereto involve a consideration of the evidence on which the auditor based his findings, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to attach thereto as an exhibit so much of the evidence as is pertinent, or to at least point out to the court where such evidence is to be found in the brief of the evidence prepared and filed by the auditor." *First State Bank* v. *Avera,* 123 *Ga.* 598 (51 S. E. 665) ; *Armstrong* v. *American National Bank,* 149 *Ga.* 165 (99 S. E. 884), and cit.; *Jones* v. *Laramore,* 149 *Ga.* 826 (102 S. E. 526) ; *Board of Lights & Waterworks* v. *Niller,* 155 *Ga.* ·297 (116 S. E. 835). There was no compliance with this requirement in the present case, consequently these exceptions can not be considered.

3. The court did not err, for any reason stated, in rendering the final judg-

---

Appeal and Error 4 C. J. pp. 1213, n. 83; 1231, n. 52.
Judgments 33 C. J. p. 1173, n. 58.
References 34 Cyc. pp. 843, n. 87; 863, n. 2; 882, n. 54.

ment. All issues of law and fact had already been determined by the auditor, whose findings were made the judgment of the court. *Wiley* v. *Sparta*, 154 *Ga.* 1 (4), 23, 24 (114 S. E. 45, 25 A. L. R. 1342).

No. 4884. January 25, 1926.

Equitable petition. Before Judge Stark. Rabun superior court. March 31, 1925.

*Henry Robertson* and *Thad. L. Bynum,* for plaintiff in error.

*Charters, Wheeler & Lilly, R. E. A. Hamby,* and *J. T. Davis,* contra.

Gilbert, J. This case has previously been before the Supreme Court. *McCoy* v. *Johnson,* 153 *Ga.* 556 (112 S. E. 898). The exception in the case then decided was to the overruling of the general demurrer to the petition. This court held that the petition set out a cause of action, and that the demurrer was properly overruled. That decision fixed the law of the case on that question, as the case then stood. After the remittitur was filed in the trial court the case was referred to an auditor. After a hearing the auditor filed his report. The defendant, McCoy, moved to recommit the case to the auditor upon the following grounds: that certain evidence, oral and documentary, adduced upon the hearing before the auditor, was set out in full in the record of the evidence filed with his report, and without having been briefed; that the second ruling of law made by the auditor is indefinite and uncertain, for the reason that the contract (the basis of the litigation) construed in the ruling mentioned, provides for D. W. Johnson to share only in the profits from the operation and sale of the property involved during the two years named in the contract, whereas the auditor ruled that the contract is now of binding effect and force between the parties to the case, and that time is not of the essence of the contract, without ruling as to whether the contract is confined to the property or to the profits mentioned in the said contract during the said two years, and whether said contract is effective and binding as to future sale of the property, and whether Mrs. D. W. Johnson, administratrix, is entitled to part of the property or profits or either; also that said contract does not authorize a finding as made by the auditor of indebtedness against the estate of D. W. Johnson. The motion to recommit was overruled, and the defendant excepted. This exception forms the first assignment in the bill of exceptions now before this court. Thereafter the defendant filed exceptions of law and fact to the

findings of the auditor, and the court overruled the exceptions of law and disapproved the exceptions of fact. To this judgment the defendant excepted, and this constitutes the second assignment of error in the bill of exceptions. The court then rendered a final judgment in favor of the plaintiff and against the defendant, McCoy, without a jury. McCoy excepted to this judgment, on the ground that the same was error, being "contrary to the plaintiff's pleadings, contrary to the contract made a part of plaintiff's petition, and contrary to the auditor's report and contrary to law and equity." The brief of the plaintiff in error contains a lengthy discussion of the contract entered into by the parties, upon which the rights of the parties depend. That contract was thoroughly considered and construed when this court held in the previous decision that the petition set out a cause of action. The writer of this opinion dissented, but the decision is now the binding law of the case.      *Judgment affirmed. All the Justices concur.*