29228.  McKENZIE, executrix, *v.* PERDUE *et al.*

DECIDED MARCH 20, 1942. REHEARING DENIED APRIL 3, 1942.

*William G. Grant,* for plaintiff in error.
*James A. Branch, Thomas B. Branch Jr.,* contra.

STEPHENS, P. J.   Graham Wooten Perdue, a minor, suing by his guardian, John A. Boykin, filed in the court of ordinary of Fulton County a petition against Mrs. Lizzie May Wooten McKenzie, as executrix of the will of Emily Wooten Perdue and as trustee under the will, alleging that the defendant "is a resident of Macon County, Georgia but is subject to the jurisdiction of this court in this case" as she is sued herein as executrix of the will of Emily Wooten Perdue which was probated in Fulton County; that Emily Wooten Perdue was the mother of the minor petitioner who died in October, 1925, leaving a will, a copy of which is attached to the petition; that the original executor and trustee named in the will acted as such until March, 1932, when he resigned and the defendant thereupon was appointed and qualified as executrix and trustee; that the estate of Mrs. Perdue consisted of an undivided interest in realty and personalty which came to her under the will of

her father, Joseph W. Wooten of Terrell County, by which he left to his three daughters, Mrs. McKenzie, Mrs. Perdue, and Mrs. Wetherbee, certain lands in Terrell and Randolph Counties known as the "Wooten Farms" together with live stock, farming implements and other personalty thereon; that these properties were not partitioned among the three daughters but were held and operated by them as tenants in common, through Ed. M. McKenzie as manager or agent, up to the time of the death of Mrs. Perdue; that after the death of Mrs. Perdue in 1925 Mr. McKenzie continued to operate the property as a partnership enterprise and continued to act as executor and trustee until March 7, 1932; that the one-third interest of Mrs. Wetherbee in the properties was afterwards acquired by Mr. McKenzie individually and later was conveyed by him to Mrs. Capitola Wooten, the mother of Mrs. McKenzie, Mrs. Perdue, and Mrs. Wetherbee; that when Mrs. McKenzie qualified as executrix and as trustee in the early part of 1932 she took over the operation of the properties and had continued to carry on the operation thereof as a joint or partnership enterprise under the name of the Wooten Farm; that the defendant, notwithstanding many protests made by the guardians of Graham Wooten Perdue, had refused to have or recognize a partitioning of the properties so as to separate the interest belonging to the estate of Mrs. Perdue from the other interests therein, but she continued to operate the properties as a joint or partnership business under her control, thus placing herself as executrix and as trustee in partnership with herself individually and with the owner of the other one-third undivided interest in the property, Mrs. Capitola Wooten; that after Mr. McKenzie resigned as executor and trustee and after he had acquired the interests of Mrs. Wetherbee in the property he instituted partition proceedings in the superior court of Terrell County to have the property partitioned and the guardian of Graham Wooten Perdue joined in the partition proceedings which were vigorously resisted by Mrs. McKenzie but resulted in a decree partitioning the real estate and providing for a division of the personal property, a copy of the decree being attached to the petition; that Mrs. McKenzie has totally ignored the decree and continued to disregard the requests made on behalf of the minor to the effect that the property belonging to the estate of Mrs. Perdue be segregated and operated separately from the interest owned by Mrs. McKenzie

and her mother and controlled by her, and has continued to operate the property as a joint or partnership enterprise; that it is illegal for Mrs. McKenzie to place the interest belonging to the estate of Mrs. Perdue in partnership with the defendant, and it is her duty under the will to separate the interest of the estate from the interest of the defendant personally and from the interest belonging to her mother. The petition further alleged that Mrs. McKenzie has been guilty of gross mismanagement of the estate of Mrs. Perdue, which has resulted in large losses to the estate and to Graham Wooten Perdue; that among other things which are beyond her authority as executrix and as trustee and which are illegal, is that in carrying on the operation as a partnership enterprise she in effect speculates, by holding cotton and other products raised on the farms, and has placed the estate of Mrs. Perdue in the position of being interested and participating in speculating on future prices of cotton and other farm commodities; that from time to time she has held cotton which was raised on the farms, and instead of selling it during the year in which it was raised has held it over from year to year and borrowed money with it to carry on the farming operations; that in December, 1936, she had on hand 232 bales of cotton which was then, according to her report, worth 12 cents a pound and she then owed for money borrowed at banks $1645, and in December, 1937, according to her report she had 336 bales of cotton which she was holding and which was worth approximately $40 a bale, and the cotton which she was holding in December, 1936, was still on hand in December, 1937, and was worth approximately one third less on December 1, 1937; that she also had on hand as of December, 1936, 21,000 pounds of pecans which she was holding, and which had been produced on the part of the farm partitioned to the estate of Mrs. Perdue; that the returns filed by her as executrix are involved and complicated, not sufficiently itemized, and do not measure up to the requirements of law as to returns made by executors or trustees; that Mrs. McKenzie used the farms to a large extent for her own personal advantage by removing produce from the farms to her individual farm and sending hogs from her own individual farm to be fattened on the Wooten estate farm; that the interest of Mrs. McKenzie is so antagonistic to the interest of said estate that she is not a fit and proper person to have charge of it as executrix or as trustee, and

it is contrary to law for her to continue to keep the estate in partnership with herself and her mother; that Mrs. McKenzie has paid to herself various amounts of money as expenses and as salaries, notwithstanding she pays very little attention to the operations but leaves them almost entirely to overseers or superintendents; that Mrs. McKenzie has failed to file returns as trustee under the will with the exception of one return which she filed in February, 1933, as "guardian" of Graham Wooten Perdue and another filed in March, 1935, as "annual return" as trustee. The petition further specified a large number of items contained in the reports or returns of Mrs. McKenzie as trustee and as executor which are claimed to be untrue or incorrect. These need not be detailed. The petition further alleged that an accounting by the defendant as executrix was necessary, and would disclose that she was due to the estate a very large sum which she should be required to pay, and that on an accounting the defendant as trustee would be liable for large sums which she should be required to pay; that the defendant by reason of the facts alleged is not a fit and proper person to act as executrix and that she should be removed as executrix and another representative appointed; and "since the defendant is a resident of Macon County, Georgia, but is subject to the jurisdiction of this court in this matter she should be duly and legally served herein by a second original." The prayers of the petition were that citation issue, that the defendant be required to make an accounting and judgment be entered for such amounts as may be found due; that the defendant be removed as executrix and some qualified person be appointed as administrator with the will annexed, and that the defendant as trustee for Graham Wooten Perdue be required to make an accounting, and that judgment be rendered for any amounts due as trustee.

Exhibit A to the petition is a copy of the will of Emily Wooten Perdue. The material parts of this will are items 3, 4, and 5 which are as follows: "Item 3. I give and bequeath to my mother, Mrs. Capitola L. Wooten of Dawson Ga., for and during the term of her natural life, one half ($\frac{1}{2}$) of my estate—real, personal or otherwise, the income therefrom only to be used by her. Upon the death of my mother, this bequest shall then in fee simple go to my son, Graham Wooten Perdue, provided he lives to reach the age of twenty-one (21) years; provided further, that should this

bequest, by reason of my mother's death come to my son, and he then die subsequent to inheriting such bequest, but before he reaches the age of twenty-one (21) years, then in such event, this one-half interest of my estate, I bequeath in fee simple to my sisters, Lizzie May Wooten McKenzie and Claire Wooten Mills, share and share alike. Should my son, Graham Wooten Perdue, die before my mother, then this bequest to my mother shall become absolute and be hers in fee simple forever. Item 4. The remaining one-half ($\frac{1}{2}$) interest of my estate, real, personal and otherwise, I give and bequeath to my son, Graham Wooten Perdue, in trust until he reaches the age of twenty-one (21) years, with power in the trustees hereinafter appointed to use the income from this bequest, and so much of the corpus thereof as in his or her discretion is necessary in the support, maintenance, and suitable education of my said son. Upon his reaching the age of twenty-one (21) years the trust herein created is to be dissolved and he is to receive the bequest in fee simple. It is distinctly provided, however, that the executors of my will in the exercise of their discretion, may, if in their opinion my said son is able and capable of managing his estate, dissolve this trust and turn the estate over to my son at any time subsequent to his eighteenth (18) birthday. Should my son, Graham Wooten Perdue, die before he comes into this bequest in fee simple, it is my will and desire that the bequest contained in this paragraph shall be given in fee simple to my sisters, Lizzie May Wooten McKenzie and Claire Wooten Mills, share and share alike; provided, however, that from the income of this said bequest there shall first be paid to Mr. and Mrs. Will K. Norton of Neneres, India, as an aid to them in the Pentecostal work, the sum of one hundred ($100) dollars per annum, for a period of six years. Item 5. I hereby appoint Ed. M. McKenzie, of Montezuma, Ga., trustee of the property of my son, Graham Wooten Perdue, and I also name him as executor of this my last will and testament. Should said Ed. M. McKenzie resign from said executorship and trusteeship, or be removed by death, or for any other reason, I then nominate my sister, Lizzie May Wooten McKenzie of Montezuma, Ga., in said Ed. M. McKenzie's place and stead. Should said Lizzie May Wooten McKenzie, for any reason, be detached from said executorship and trusteeship, then it is my desire that my sister, Claire Wooten Mills of Dawson, Ga.,

serve as executor and trustee under this will. I expressly delegate to any executor and trustee named in this will, who may be serving hereunder, to relieve himself or herself from the executorship and trusteeship hereby created by appointing any reputable trust company or bank to act as executor and trustee under this will."

Exhibit B to the petition is a copy of the judgment and decree of the superior court of Terrell County in the partition proceedings. This judgment divided the land into three parts, the first going to Ed. M. McKenzie, the second part was awarded and set apart to "Lizzie May Wooten McKenzie and her successors as executrix of the will of Emily Wooten Perdue and as trustee of Graham Wooten Perdue under the will of Emily Wooten Perdue, . . the following described lands to be held and administered by the said Lizzie May Wooten McKenzie as such executrix and as such trustee, and her successors, in accordance with and in conformity to the provisions of the will of Emily Wooten Perdue, for the use and benefit of Mrs. Capitola L. Wooten and Graham Wooten Perdue, and the other beneficiaries under the will of the said Emily Wooten Perdue, as their interest may appear;" and the third part was awarded to Mrs. Lizzie May Wooten McKenzie. The decree then provides: "It is further ordered, adjudged, and decreed that writs of possession shall issue in accordance with the terms of this judgment and decree. The partitioners appointed in this cause having reported in their return that concerning the personal property referred to and described in the petition and the amendment thereto, that it is impossible to make a just distribution of said personal property, it is recommended by said partitioners that the same be sold and the proceeds derived from said sale be equally divided between the parties entitled thereto,—it is thereupon ordered, adjudged and decreed that said report and recommendation of the partitioners be and the same is hereby approved, adopted, and made a part of this decree. However, the court does not at this time order an immediate sale of said personalty, but reserves and retains jurisdiction to pass a further order and decree hereafter supplementing this decree, providing for the sale of said personalty and directing the time and manner of such sale, and to appoint commissioners to conduct such sale and make the distribution of the proceeds thereof. The court, for the purpose of carrying out this provision of the decree, shall remain open and any

party interested therein may, upon ten days notice to the other parties at interest, make application to the court for further order and decree in conformity with the foregoing provision of this decree."

The defendant filed an answer admitting certain allegations of the petition and denying others. Among the admitted allegations was paragraph 4 of the petition, in which it was stated that the defendant "is a resident of Macon County but is subject to the jursdiction of this court in this cause as she is sued herein as executrix of the will of the said Emily Wooten Perdue and as trustee under said will," etc., and paragraph 46 of the petition in which it was alleged that the defendant is subject to the jurisdiction of the court in this matter. The general purport of the answer was a denial of all allegations of mismanagement and specific justification of the numerous items of expense complained of in the petition, and a particular justification of her conduct in continuing operation of the plantation as a whole after she took charge of it as executrix and trustee. Briefly stated, her contention was that the entire property could be operated more economically as a whole than in separate parcels, and that the farm tools and equipment were owned in common by the owners of the land and have never been divided or sold as provided for in the decree of the superior court of Terrell County, and that it was to the interest of the minor plaintiff to have the property so managed.

The case was referred to an auditor who took a mass of oral and documentary evidence and made a report to the court with which was filed a stenographic report of the oral testimony and the original documents introduced in evidence. On motion of the defendant the case was referred back to the auditor for further findings. The auditor rewrote the report. The auditor found in favor of the plaintiff in a sum exceeding $3000, and further found that the defendant should be removed as trustee of the minor plaintiff. The defendant filed a number of exceptions of law and of fact. Pending the determination of these exceptions the court on its own motion referred the case again to the auditor to have him clarify a part of his report and to make a finding on whether the defendant should be removed as executrix. The defendant objected to this re-reference and filed exceptions pendente lite.

The auditor filed a supplemental report explanatory of one sec-

tion of his report and finding that the defendant should be discharged as executrix. Pending the determination of the defendant's exceptions to the auditor's report the defendant filed an amendment to her exceptions and an amendment to her answer, which amendments undertook to withdraw the admissions in her original answer as to the jurisdiction of the court and set up that the superior court of Fulton County on an appeal from the court of ordinary did not have any jurisdiction over her as trustee, and had no authority to make any finding as to the defendant's acts as trustee or that she should account to the plaintiff as trustee under the will. These amendments were allowed subject to demurrer. The plaintiff demurred to them and the court struck them. To this action the defendant filed exceptions pendente lite. The exceptions of fact to the auditor's report were overruled. The court also overruled the exceptions of law, with this qualification: "The court is of the opinion that her acts and doings as trustee can not be the subject matter of a proceeding brought in the court of ordinary of Fulton County, Georgia, and this case being a hearing on an appeal from the court of ordinary of Fulton County this court has no jurisdiction to pass on the question of her removal as such trustee." The court further said in this judgment: "The exceptions of law are set out in numbered paragraphs or numbered exceptions, and the court is of the opinion that such exceptions should be overruled and the findings of the auditor therein sustained and the defendant as executrix removed, but that the findings of the auditor as to her removal as trustee be not sustained." The court then entered judgment in favor of the plaintiff guardian and against the defendant for the net amount of $3312.04 principal and $246.94 interest, and requiring the defendant to pay half of the auditor's fee and all of the costs of court and removing her as executrix of the will of Mrs. Emily Wooten Perdue with this provision: "The foregoing judgment against the defendant does not include the items referred to in paragraph 16 subparagraphs t and u of the auditor's report. This is true because the court holds and adjudges that the court in this case (which is an appeal from the court of ordinary) does not have jurisdiction to render a judgment against the defendant concerning her acts as trustee or to remove the defendant as such trustee." The subparagraphs here referred to by the court relate to the disposition made by the defendant of

a $1000 liberty bond, she having sold it and deposited the money in a bank, and to her liability for another $1000 liberty bond shown by her returns as still on hand.

The defendant filed a motion for new trial on the general grounds and subsequently amended it with a number of special grounds.

Pending the hearing on the motion for new trial the defendant tendered to the court a brief of evidence which the court refused to approve, and instead approved the stenographic transcript of the testimony and the original documentary evidence filed by the auditor with his report. To this action refusing to approve the defendant's brief of evidence the defendant filed exceptions pendente lite. The court overruled the motion for new trial on all grounds, and the defendant filed a bill of exceptions alleging that the court erred in the order referring the case back to the auditor on its own motion, and erred in striking the defendant's amendment to her exceptions and in striking the amendment to her answer, and erred in entering up the judgment against the defendant, and erred in refusing to approve the brief of evidence tendered by the defendant and in approving the auditor's brief, and erred in overruling her motion for new trial.

■ The first point insisted on by the plaintiff in error is the action of the court, pending the hearing of the exceptions to the auditor's report, in stopping the hearing and sending the case back to the auditor with the following instructions: "As to paragraph 10 of the findings of law the auditor is directed to add a supplement thereto and report whether or not he finds as a conclusion of law that the defendant should be removed as executrix of the will of Emily Wooten Perdue as well as trustee under said will." The exception to this order is on the ground that the time for the motion to recommit the report having expired the court had no power on its own motion to refer the report back to the auditor. It may be noted that at the time the court passed this order, the auditor had filed a report and a rewritten report, in neither of which did he make any finding as to the removal of the defendant as executrix. The original petition prayed for the removal of the defendant as executrix but did not contain any prayer for her removal as trustee. The statement by the judge that the petition asked for the removal of the trustee is not borne out by the record, but the auditor found that she should be removed as trustee and

the court finally ruled that it had no jurisdiction to remove the defendant as trustee.

The Code, § 10-305, provides: "For indefiniteness, omissions, errors of calculation, failure to report evidence, errors of law, or other proper cause, the judge may recommit the report for such further action as may be proper." Since the petition in this case expressly prayed for the removal of the executrix and the auditor made no finding about it, there was an "omission" and the judge had power on his own motion to refer the case back to the auditor for a specific finding.

■ The second point argued for the plaintiff in error is that the court erred in striking the defendant's amendment to her exceptions and the amendment to her answer in which she undertook to raise the question as to the jurisdiction of the court over her acts and doings as trustee. It is not necessary to decide whether there was error here because if it was error it was subsequently cured by the ruling of the court to the effect that "her acts and doings as trustee can not be the subject-matter of a proceeding brought in the court of ordinary of Fulton County, Georgia, and this case being a hearing on an appeal from the court of ordinary of Fulton County this court has no jurisdiction to pass on the question of her removal as trustee." As there is no cross-bill of exceptions complaining of this ruling of the court, it can not be questioned now.

■ The judgment of the court is complained of as illegal on several grounds. It is to be noted that the judgment does not expressly find against the defendant either as executrix or as trustee but simply as an individual.

To determine the rights of the parties in this case it is necessary to give close attention to the terms of the will of Mrs. Emily Wooten Perdue. The will provides that the mother of the testatrix shall receive the income from one half of the estate during her life and on her death this bequest shall then in fee simple go to the son of the testatrix, provided he lives to reach the age of 21 years and provided further that if, by reason of her mother's death this bequest should come to the son and he subsequently die before he reaches the age of 21 years this one half interest shall go to the sisters of the testatrix, Mrs. McKenzie and Mrs. Mills share and share alike; but should the son die before the testatrix's

mother, this bequest should go to the mother in fee simple. Since the mother and son are still living, the son still being under age it is uncertain to whom either half interest in the estate will ultimately go, but during all the period included within this controversy the mother of the testatrix has been entitled to the income from one half of Mrs. Perdue's estate. It should be noted that the interest of the mother, Mrs. Capitola Wooten, is not subject to any trust. By no possible construction can it be included within the trust created in item 4. Any expression in the opinion of the auditor or in the argument of counsel which treats the half interest of Mrs. Capitola Wooten as part of any trust estate is erroneous. It is true that in the partition proceedings in the superior court of Terrell County that the entire property constituting "Wooten Farms" was divided into three parts, so as to segregate the interest which Mrs. Perdue had owned from that of the other owners, but this could not have the effect of making Mrs. Capitola Wooten's interest a part of the trust estate. The partition was therefore incomplete as it did not separate the interest of Mrs. Capitola Wooten from that of Graham Wooten Perdue. The partition left Mrs. Capitola Wooten and Graham Wooten Perdue as tenants in common or equal owners of the income from that part of the property which was assigned to the estate of Mrs. Perdue. It may be that this is as far as the partition could go in view of the fact that the ultimate ownership of the Perdue land was uncertain or contingent. The half interest given in trust to Graham Wooten Perdue in item 4 is not a defeasible fee, because the will distinctly provides "upon his reaching the age of 21 years the trust herein created is to be dissolved and he is to receive the bequest in fee simple." Immediately preceding this provision the trustees are given power "to use the income from this bequest, and so much of the corpus thereof as in his or her discretion is necessary in the support, maintenance and suitable education of my said son." There is an inconsistency in allowing the corpus to be infringed on for support, etc., and the withholding of the fee-simple title until the son reaches the age of 21 years. Whether the trustee, in view of these conflicting provisions, would have the right to use the corpus of Graham Wooten Perdue's half interest need not be decided since no occasion has arisen when in the discretion of the trustee it was necessary to use it in the support, maintenance and

suitable education of the beneficiary. In view of the bequest over and the other provisions in item 4 it is a fair construction that the beneficiary of the trust was entitled only to the usufruct of one half of his mother's estate until he reached the age of 21 or until the "executors" exercised the power to dissolve the trust and turn over the estate to the beneficiary at any time subsequent to his 18th birthday.

There is a fatal flaw in the judgment complained of in this case. In the entire opinion of the auditor it is reasonably clear that he was dealing with an accounting between the trustee and the cestui que trust. In both his original report and his rewritten report he found that the trustee should be removed and made no finding as to the removal of the executrix until he was required to do so by the court. It can not well be contended that when the auditor spoke of the "trustee" that he intended to say the "executrix," for that an executrix is a kind of trustee. On the contrary, the controversy in this case was properly between the trustee under the will and the beneficiary. Whatever might be the interest of Graham Wooten Perdue in the estate of his mother, it was left to him incumbered with a trust. When he takes under this testamentary provision he is bound by the limitations imposed on its enjoyment. Under the will he receives nothing from the executrix but whatever he gets must come through the trustee selected by his mother. He has shown no reason why this trust is invalid and even the judgment of the court leaves the trust and the trusteeship in effect. It is not competent for this beneficiary to destroy the trust by attacking the executrix and having her removed. Even if a new executor were appointed he would have to turn over the money involved in this case to the trustee. Neither the beneficiary nor the court can alter the provisions of Mrs. Perdue's will so as to dispense with the administration by a trustee of the interest of Graham Wooten Perdue until he becomes of age. It is argued for the defendant in error that the minor plaintiff would be remediless unless the judgment in this case is sustained. This contention is not maintainable. It is quite feasible for the minor plaintiff to institute a proceeding in a court having jurisdiction to remove the trustee for maladministration.

It is insisted in the argument for the defendant in error that the defendant in her answer admitted that the court had jurisdic-

tion over her as executrix and as trustee. As far as concerns the defendant as trustee this admission is of no consequence. It is unquestionable, and the court below so held, that the superior court on appeal from the court of ordinary has no jurisdiction to examine into the acts and doings of the trustee or to remove her from the trust. This want of jurisdiction is one not of the person but of the subject-matter. Jurisdiction of the person may be waived, but jurisdiction of the subject-matter can not be waived. Consent can not confer jurisdiction. The want of jurisdiction of the subject-matter can be taken advantage of at any time. A judgment on a matter not within the jurisdiction of the court is void at all times.

The judgment is contrary to law because of conflict in its provisions and conflict with the provisions of the will. If, as the court ruled, the auditor did not have power to investigate transactions between the defendant as trustee and the minor plaintiff then the findings of the auditor based on her returns as trustee must go by the board. The court in the judgment eliminated only the item of the two liberty bonds whereas there were other parts of the report which should have been eliminated under the court's ruling as to jurisdiction. The court distinctly held that it had no jurisdiction to remove the trustee but at the same time entered a judgment that the defendant should pay the sum found directly to the plaintiff guardian. If the judgment of the court deprives the trustee of the property and orders it paid to another, the court might as well have removed the trustee. If the executrix is responsible directly to the guardian, the trustee will have nothing to administer and the provisions of the will are thereby subverted. If the court replaces the testamentary trustee by a guardian what is the difference between that and removing the trustee?

■ It is alleged that the court erred in allowing the plaintiff to read in evidence an extract from the transcript of testimony taken before the auditor in which he referred to a book known as a "Cotton Year Book" of the New York Cotton Exchange which purported to show the monthly average prices of cotton at ten southern spot markets during the period of time which covered the transactions of the defendant. The objection was on the ground that the evidence was hearsay and without probative value. It appears that in the hearing before the auditor counsel for both

sides agreed that the book was an official publication of the New York Cotton Exchange, and no objection to its admission was offered before the auditor, nor was there any exception to his report or his finding with reference to this particular matter. The objection to this evidence can not be sustained because market price can be shown by hearsay. *Brooke* v. *Cunningham,* 19 *Ga. App.* 21 (2) (90 S. E. 1037); *Erk* v. *Simpson,* 137 *Ga.* 608 (4) (73 S. E. 1065).

■ Another ground of error insisted upon by the plaintiff in error is the refusal of the court to permit the defendant to file a brief of the evidence in connection with her motion for new trial. This contention can not be sustained because the Supreme Court has held that the brief of evidence filed in connection with the auditor's report is to be considered a brief although it may embody the stenographic report of the testimony in full. *Linder* v. *Whitehead,* 125 *Ga.* 115 (53 S. E. 588); *Arendale* v. *Smith,* 107 *Ga.* 494 (33 S. E. 669); *McCoy* v. *Johnson,* 161 *Ga.* 638 (131 S. E. 475); *Fricker* v. *Americus Manufacturing &c. Co.,* 124 *Ga.* 165 (2) (52 S. E. 65). The Code, § 10-201, provides that on the request of either party original documents may be identified and attached to the report in lieu of a brief thereof.

■ In the motion for new trial it is complained that the court required the defendant to pay one half of the auditor's fee. This is a matter in the discretion of the court. *Central of Ga. Ry. Co.* v. *Central Trust Co.,* 135 *Ga.* 472 (6) (69 S. E. 708); *McDonald* v. *Dabney,* 161 *Ga.* 711 (12 *b*) (132 S. E. 547.)

■ In ground 6 of the amended motion for new trial it is complained that the court erred in that part of the judgment which removed the defendant as executrix of her sister's estate. As has already been noted the finding of the auditor that the executrix should be removed was superadded to his previous reports in response to an order of the court to make a finding as to that issue. The auditor had contented himself with a finding that the defendant be removed as trustee. In this connection several important facts should be noted. As far as owning any of the land was concerned the plaintiff merely had an expectancy but he was entitled to one half of the income from one third of the Wooten Farms, and this one sixth of the total income according to his mother's will, had to pass to him through the hands of the trustee. It is

manifestly unjust to blame the defendant for the fact that she was made trustee as well as executrix by Mrs. Perdue's will. If any confusion or conflicting of interests resulted from this it was due to the will of the testatrix. It may have been the opinion of the auditor that it were better to have a disinterested trustee, but obviously this is merely a suggested improvement of the will. Similarly it might be contended that it were better to have an executor who was disinterested in the property on account of the conflicting interests involved but there is no law which requires that the executor should be one without an individual interest in the property. Several findings of the auditor with regard to the administration of this estate deserve consideration. In his original report and in his amended report he found "I find that the account of Mrs. McKenzie with the beneficiary, Graham Wooten Perdue, as shown by her several annual returns to the court of ordinary, are correct and should be approved except in the particulars hereinafter specifically set forth." He further found "The defendant has been diligent in the operation of the Wooten Farm and has made at least a fair success of it during a period of time when many others were not succeeding at like undertakings. It is also to be said in favor of the defendant that the record rather clearly indicates that she has on the whole conducted the affairs of the Wooten Farm with integrity. It is true the evidence discloses a few more or less incidental transactions in which she dealt with the farm as though the whole of it were her personal property. She took one of the farm mules and used it on a place belonging to her in Macon County, Georgia. She sent some of her hogs from Montezuma, Georgia, to the farm to be fed. She built a cotton barn out of the funds of the farm on her part of the Wooten farm lands at a cost of perhaps $200. These incidents illustrate the wisdom of the law in prohibiting a trustee from co-mingling personal business with that of the trust." He further found "although the defendant has prosecuted the operations of the Wooten Farm generally with integrity and with obvious energy and with better than average results so far as the production of crops is concerned, she has throughout her trusteeship substituted her personal opinion and judgment in the handling of the trust properties and the income therefrom in the place of the requirements of the law in respect thereto and accordingly she is legally bound to account to the

plaintiff beneficiary for the losses and expenses which have resulted from her failure to comply with the law." In these extracts from the auditor's report he evidently was dealing with the responsibility of the trustee to the beneficiary and these findings are without validity because of the want of jurisdiction of the court. At the same time they are broad enough to throw a light upon the defendant's conduct as executrix because they relate to her management of the Wooten Farm. One of the main grounds of complaint against the executrix is that even after the partition by Terrell superior court she continued to operate the plantation as a whole including the part which had been allotted to the Perdue estate. If we visualize the partition as vesting the title to the land allotted to the Perdue estate in the persons having the right to the income (although this is inconsistent with the will) they would be holding it as tenants in common, Mrs. Capitola Wooten having one half and Graham Wooten Perdue the other half. Then if the executrix with the consent of Mrs. Wooten took possession of the part assigned to her and Graham Wooten Perdue it would in law be a case of one tenant in common taking possession of the whole and thereby rendering herself liable to the other half owner for half of the rents and profits. In such a case it would be necessary for the excluded half owner to show the rents and profits derived from the property or show a loss by reason of the action of his tenant in common. There is no evidence in this case as to any such loss but in fact the findings of the auditor and the judgment of the court proceed on the assumption that Graham Wooten Perdue was entitled to one sixth of the income from the whole plantation. There is no contention or proof that the property allotted to the Perdue estate ought to have produced more than it did produce. Consequently it has not been established that the minor plaintiff suffered any loss from the mere fact that the property was operated as a unit although this is complained of as a grievous injury. As far as the acts of the defendant as executrix are concerned and as far as the evidence shows nobody has been hurt by the operation of the plantation as a unit. If this mode of operation were causing or likely to cause irreparable damage to the minor plaintiff he could have filed a petition for injunction in the superior court which would have had jurisdiction of the whole controversy including the question of removing the trustee. In

the present case the court could not pass an order prohibiting the act complained of. After all, by suing and taking judgment for one sixth of the income for the entire Wooten farms the minor plaintiff has taken advantage of the operation complained of as far as this case is concerned and his complaint is wholly without force. The case would present a different aspect if he had proceeded as for a recovery of one half of the rental value of that part of the property which was set apart as the property of the estate of Mrs. Perdue.

Coming now to the specific findings of the auditor on which the judgment was based there is an analysis of the amounts found by the auditor in a bill of exceptions pendente lite, which seems to be correct and undisputed. It shows an amount of principal $3159.16 for cotton raised and still held by the executrix; interest thereon $674.91; an overcharge for bookkeeping, $140; an overcharge in auditing expenses, $116.66, a charge for attorney's fees $175, an overcharge for storage of cotton $45. These items total $4310.73, and therefrom is deducted a credit of $998.69 for excess of advances made to the plaintiff over and above one sixth of the aggregate of all advances made to the three parties, thus leaving due the amount of the judgment $3312.04. As to the last four items of overcharge, the evidence showed that the executrix honestly thought that she was legally entitled to those credits. These mistakes in her account are easy to correct. The petition in this case attacked her account in something like 90 items of which the above are the only ones sustained by the auditor. The rest of her long and complicated accounts were found correct and were approved. The charge against the defendant for cotton still held by her was arrived at by the auditor holding that the executrix could not hold the cotton raised on the farm beyond a reasonable time before selling it and he arbitrarily fixed the first of May next after the cotton was raised as the dead line for selling it. The big loss calculated by the auditor is on the cotton which the defendant still has in her possession, to wit, 383 bales. There is no evidence whatsoever in this case of any devastavit, nor any evidence of loss to the estate as a whole. For every year that this executrix has managed the property, even during the great depression, she has come out with a profit and she now has on hand an accumulated surplus of 383 bales of cotton. Her mother, who gets one half of the income

from the Perdue estate, is apparently satisfied with her management.

Another finding of the auditor was as follows: "On the other hand, the defendant has consistently substituted her personal judgment and wishes for the legal requirements in the handling of t.. trust estate. In so doing, she has provoked much litigation which, in the nature of things, has been quite expensive to the beneficiary. She continues to insist on a course of action which is prolonging the litigation. A strict application of legal principles might result in denying to the defendant credit for any compensation or expenses, but the auditor believes that she has very fully earned all she has taken from the farm funds, as well as all of the little advantages she may have gained personally in the above mentioned transactions. Accordingly, I find that she is entitled as expenses and compensation to all the above set forth withdrawals, but that she is not entitled to any other or additional compensation." The significant part of this ruling is that the defendant has "fully earned all she has taken from the farm funds as well as all of the little advantages she may have gained personally in the above mentioned transactions," and that "she is entitled as expenses and compensation to all the above set forth withdrawals but not to any other compensation."

The auditor further found from the defendant's returns to the ordinary for 1938 that the total amounts of advances charged against the defendant was $2935.12, the amounts charged to Graham Wooten Perdue were $3133.75, and the amount of advances charged to Mrs. Capitola Wooten were $7380.67; that if these advances had been in proportion to the interest of each of the parties in the funds involved, Graham Wooten Perdue would have received one sixth, that is, $2241.60, and therefore he had been advanced in excess of his pro rata share, the sum of $892.15. An important fact to be noted is that there is no complaint in this case that Graham Wooten Perdue did not receive from his trustee ample or sufficient funds for his "support, maintenance and suitable education." From this it may be inferred that the amount found by the auditor constitutes a surplus or savings which has accrued to the minor plaintiff by reason of the successful operation of the farms by the defendant.

An executor should not be removed for slight causes, the Su-

preme Court having said: "The court ought to look with much scrutiny into an appeal for the removal of executors. They ought not to be removed for slight causes nor solely on the ground of poverty." *Johns* v. *Johns, 23 Ga. 31.*

Under the circumstances and the facts found by the auditor there does not appear to be sufficient ground for removing the executrix. The court erred in not granting a new trial.

*Judgment reversed. Sutton, J., concurs.*

FELTON, J., dissenting. I am of the opinion that the judgment of removal, in so far as it applied to the executrix, was authorized. I think that those interested in the administration of an estate are entitled to have it administered strictly in accordance with law, regardless of the facts that the best of faith is exercised by the representative and that her conduct has resulted in a greater benefit to the estate than would have resulted from a strict compliance with the law.