S06A1129. A A OK, LTD. v. CITY OF ATLANTA.

(632 SE2d 633)

CARLEY, Justice.

Pursuant to OCGA § 44-2-64, A A OK, Ltd. filed a petition to register its title to certain property located in the City of Atlanta. The petition named several defendants, but, as against the City, the relevant claim was abandonment of one-half of Woodall Avenue. The City answered, and objected to the petition in accordance with OCGA § 44-2-76. Pursuant to OCGA § 44-2-101, the trial court referred the case to an examiner. The examiner conducted a hearing and issued a final report finding that the material allegations of the petition were not true and "that the City never abandoned its claim in the dedicated street that is and was Woodall Avenue." The trial court approved and adopted the report. A A OK, Ltd. (hereinafter referred to as Appellant) brings this appeal pursuant to OCGA § 44-2-84.

1. Appellant urges that the examiner failed to file a transcript of the hearing and that, consequently, the trial court erred in adopting the examiner's report without first reviewing that transcript.

There is no requirement that the examiner file a transcript. OCGA § 44-2-103 (b) provides, in relevant part, that the examiner shall file with the clerk of the trial court "a brief *or* a stenographic report of the evidence taken by him." (Emphasis supplied.) Thus, as is the case with an auditor, an examiner certainly "may file a stenographic report of the oral testimony, and may file the original documents introduced in evidence instead of briefing them . . . ." *McKenzie v. Perdue*, 67 Ga. App. 202, 203 (5) (19 SE2d 765) (1942), rev'd on other grounds, 194 Ga. 356 (21 SE2d 705) (1942). See OCGA § 44-2-103 (d), which provides that the procedure "shall be in accordance with [that] prevailing as to auditor's reports and exceptions thereto"). Here, however, rather than a stenographic report, the examiner filed a brief of the evidence taken by him. That fully complied with the alternative mandate of OCGA § 44-2-103 (b).

If a stenographic report did exist, Appellant never made a timely request that it be filed with the clerk of the trial court, and such

exceptions as it did raise failed to direct the trial court's attention to any evidence appearing in a stenographic report.

> "It is incumbent upon a party excepting to the report of an auditor . . . , when the exceptions thereto involve a consideration of the evidence on which the auditor based his findings, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to attach thereto as an exhibit so much of the evidence as is pertinent, or to at least point out to the court where such evidence is to be found in the brief of the evidence prepared and filed by the auditor." [Cits.]

*McCoy v. Johnson*, 161 Ga. 638 (2) (131 SE 475) (1926).

"Every applicant for the privileges and benefits offered by the land-registration act must stand upon the strength of his own application, and not upon the weakness of his adversary's title." *Thomasson v. Coleman*, 176 Ga. 375-376 (1) (167 SE 879) (1933). The examiner's report found that Appellant "failed to meet its burden of proof that the City of Atlanta ever abandoned the street or portion thereof known as Woodall Avenue . . . ." Appellant's exceptions to the examiner's finding were not dependent upon the trial court's review of any oral testimony. Under the circumstances, the trial court did not err in basing its judgment upon the report filed by the examiner, without conducting any review of a stenographic report of the oral testimony.

2. Appellant asserts that, after the examiner conducted the hearing, it served a subpoena on the City requiring the production of certain documentary evidence at a subsequent hearing, but that the examiner cancelled that hearing when the City claimed that it could not produce the material. Appellant contends that the examiner erroneously cancelled the second hearing and that the trial court was required to hold a hearing wherein Appellant could introduce oral testimony in lieu of the documents.

The record shows that, after the examiner conducted the hearing, the complaint and summons were re-served on the Mayor, but the record does not contain a subpoena commanding her to produce any documents. Likewise, the record does not show that the examiner ever scheduled and then cancelled any additional hearing. It was Appellant's responsibility to insure that the evidence necessary to prove its claim was produced at the hearing which the examiner scheduled. See OCGA § 44-2-103 (a). If, after the hearing and submission of the examiner's record to the trial court, Appellant believed that additional evidence was necessary to prove its claim, it could have moved for a recommitment of the case to the examiner pursuant

to OCGA § 44-2-103 (f). It did not do so. Accordingly, this enumeration of error is without merit.

3. Appellant urges that it was error to assess the costs against it. However, the trial court was authorized "to determine upon whom costs shall fall; and this determination will not be reversed, unless [that] discretion . . . is abused. [Cits.]" *Fitzpatrick v. McGregor*, 133 Ga. 332, 344 (4) (65 SE 859) (1909). We find no abuse of the trial court's discretion here.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2006.

*Donald H. Stephens*, for appellant.

*Barry L. Zimmerman, Cleora S. Anderson, Linda K. DiSantis, Dennis M. Young*, for appellee.