TEASLEY *et al.*, executors, *v.* BRADLEY *et al.*, administrators.

1. The reference of a case to an auditor rests largely in the discretion of the court; and unless this discretion is abused, a refusal to appoint an auditor will not be held erroneous.

2. Evidence which admits liability on a subsisting debt is not rendered inadmissible because the admission is accompanied with an offer to pay a less sum than admitted to be due.

3. A charge adjusted to a plea is not rendered erroneous because it conflicts with a theory of the defendant which is not pleaded.

4. Irrelevant evidence was properly excluded.

5. If a charge as a whole correctly applies the law, a specified portion on a particular subject will not be deemed erroneous which, if taken in connection with the whole charge, does not tend to confuse or mislead the jury upon any issue in the case.

6. The amount of interest seems to be excessive, and if the defendants in error will write off the interest to $566.57, within ten days after the filing of the remittitur, a new trial will be refused; otherwise the verdict will be set aside and a new trial granted.

Argued May 19,—Decided June 9, 1904.

Equitable petition. Before Judge Holden. Hart superior court. January 5, 1903.

*T. W. Teasley* and *A. G. & Julian McCurry*, for plaintiffs in error.

*O. C. Brown, W. L. Hodges, J. N. Worley,* and *J. H. Skelton,* contra.

EVANS, J. Laura M. Sadler instituted a suit against Isham A. Teasley to recover certain funds which she alleged had been entrusted to him as a confidential steward or factor, for the purpose of collecting, investing, and taking care of the same for her benefit, and for which she had made demand upon him, but which he had refused to pay over to her. The defendant pleaded that the funds were not delivered to him as a steward or confidential agent, but were given to him as a loan; that the statute of limitations had attached, and that he was not indebted. Pending the suit the plaintiff died, and her administrators were made parties to the case. The jury returned a verdict in their favor, and Teasley made a motion for a new trial, to the overruling of which exception is taken. After the motion for a new trial was made the defendant died, and his executors were made parties in his stead. The case has been tried twice, resulting each time in a verdict against the defendant. A brief of the pleadings appears in the case in 110 *Ga.* 497, and reference to that case will disclose the contentions of the parties as made by the pleadings.

1. Upon the call of the case the defendant moved that, inasmuch as matters of account were involved, the case be referred to an auditor. The court refused to appoint an auditor, and to this ruling exception is taken. The appointment of an auditor is a matter vested largely in the discretion of the court, and unless this discretion has been abused, the refusal to appoint an auditor will not be held erroneous. Most of the items upon which the plaintiffs were seeking a recovery were not disputed by Teasley. He contended that the money received by him was loaned, and that he had accounted for it; and further, that more than four years had elapsed since the loan was made, and that the plaintiffs were barred by the statute of limitations from a recovery. The judge, having previously tried the case, was thoroughly familiar with the contentions of the parties, and he did not deem it necessary to refer the case to an auditor. It not appearing that the judge abused his discretion, we can not say that he erred in refusing to refer the case to an auditor. Civil Code, § 4582.

2. Complaint is made that the court allowed certain testimony which the plaintiffs in error insist was inadmissible because it was in the nature of an offer of compromise. The evidence objected to tended to show that Teasley had admitted the existence of the debt and had offered to settle the same for a less amount. This evidence was in support of the allegation in the petition that Teasley offered to settle with Laura M. Sadler "by paying her in land and sundry accounts or obligations he held against various parties, the same aggregating $3268.00, but that [she] refused to accept said offer, for the reason that [she] considered said amount inadequate and not right; all of which was an acknowledgment on the part of the defendant that he held said funds of plaintiff in trust, as aforesaid, and thereby acknowledged that he held said money, rents, and profits as a continuing and subsisting trust." This paragraph of the petition was demurred to on the ground that the admission therein referred to was a part of a negotiation for a compromise. This specific objection was passed upon when the case was here before, and it was then ruled that evidence offered in support of the allegations made in regard to Teasley's admissions did not amount to an offer or proposition to settle a doubtful or disputed claim, but was more in the nature of an offer to settle an admitted liability. 110 *Ga.* 507. There is a clear distinction between an offer to settle an unquestioned claim or one about which there is no pending difference as to the question of liability, by the payment of a sum less than the amount admitted, and an offer to compromise a claim where the liability is disputed. If the evidence amounts to an admission of the liability, this evidence is not rendered inadmissible because the party admitting the liability offers to settle or compromise the claim by payment of a less sum. If the offer to pay a certain sum is for the settlement of a disputed liability, then it is in the nature of an offer to compromise, and evidence in regard thereto is inadmissible. *Kelly* v. *Strouse,* 116 *Ga.* 875 (12).

3. Error is assigned upon the following charge of the court: " I charge you further, if Laura Sadler and defendant's wife and Mrs. Bradley agreed with the defendant that out of the estate of James Sadler payment was to be made for the expense and trouble of waiting on James Sadler, if defendant had any such expense or trouble, then defendant had the right to take, out of their part of

the estate of James Sadler, payment for such trouble and expense in waiting on him, if he incurred any trouble and expense in waiting on him. If you believe these sisters agreed with defendant that out of the estate payment was to be made for any trouble and expense in waiting on James Sadler, then you will determine whether or not defendant incurred any expense and trouble in waiting on said James Sadler; and if so, what said trouble and expense was reasonably worth. I charge you that if these sisters agreed that out of the estate of James Sadler payment was to be made if defendant incurred any expense and trouble, then you will deduct from the estate of James Sadler what said trouble was reasonably worth, and what said expenses were, and then determine, under the rules of law given you in charge by the court, whether or not defendant is liable to plaintiff for one third of said balance of said estate, if he received any part of it belonging to Miss Laura Sadler. I charge you further, if these sisters did not agree with defendant that out of the estate of James Sadler payment was to be made for such expenses and troubles, or if such agreement was made but defendant did not incur any trouble and expense in waiting on James Sadler, and if defendant reserved any part of said estate belonging to Laura Sadler, then you will determine, under the rules given you in charge by the court, whether or not defendant is liable for such part, without deducting anything for such trouble and expense, if it was incurred by defendant." Plaintiffs in error insist that this charge was erroneous for the reason that it made the assent of Mrs. Bradley necessary to the contract between Teasley and her sisters, in order to entitle him to be paid Laura Sadler's part of the expenses incurred by him in taking care of James R. Sadler. This charge was adjusted to the pleadings in the case. In the amendment to his plea, Teasley alleged, that prior to the death of James R. Sadler, and when he returned to defendant's home to be taken care of in 1873, there was an agreement between defendant and the children of James R. Sadler, that, in consideration of defendant taking care of said James R. Sadler and nursing him while he lived, they would wind up James R. Sadler's estate without administration, and that defendant was to be fully paid for his services and the expenses incurred by him in pursuance of the contract, which amounted to the sum of $1,000, one third of which

sum was properly chargeable to Laura M. Sadler. The amendment did not state the names of the children of James R. Sadler. The evidence disclosed that at that time there were three in life, and the judge in his charge gave the names of these children, one of whom was Mrs. Bradley, and in effect instructed the jury that if the contract set up in the amended plea was sustained by proof, then Laura Sadler would be chargeable with her share of the expenses incurred in pursuance of that contract. There was nothing in the pleadings which set up a contract between Laura Sadler and Teasley's wife. The allegation was that all of the children should pay the defendant for his trouble and expenses, and the charge of the court was adjusted to the pleadings and was free from error.

4. The court excluded the testimony of Mrs. Lizzie J. Teasley, offered by the defendant, to prove that Cynthia Sadler lived at the defendant's a good many years before her death; that she was sick several weeks before she died, and that during her sickness she was waited on by the defendant and at his expense. The plaintiffs in error insist that inasmuch as a part of the money alleged to be due was derived by Laura Sadler from the estate of Cynthia Sadler, the defendant, Teasley, was entitled to a deduction from her distributive share of her proportionate part of the indebtedness of Cynthia Sadler which he had paid. The record does not disclose any item of expense which was paid by the defendant. It appears that after the death of Cynthia Sadler her sole estate consisted of a tract of land known as the Crawford place; that it was sold for $1,500, and that the money was equally divided amongst her three heirs at law, the defendant receiving Laura Sadler's share of her sister's estate. Teasley's contention was that the money he received was delivered to him as a loan. The plaintiffs denied that Laura Sadler loaned the money to him, and contended that, on the contrary, she gave it to him to be invested for her benefit. If Teasley had a demand against the estate of Cynthia Sadler, he should have asserted his claim in 1874, when the estate was divided. It is now too late, after acknowledging that Laura Sadler was entitled to a one-third interest in that estate, and receiving her share, to set up that it should be reduced by certain expenses chargeable to the estate. The evidence was properly excluded.

5. Error is assigned upon the following charge of the court:

"If the defendant received from Laura Sadler, or from other sources for her, money or property, with the understanding that he was to invest and collect the principal or interest or both, and reinvest the same from time to time for the benefit of Laura Sadler; and if it was contemplated by the parties that the defendant, Teasley, should use the money for the benefit of Laura Sadler, and if there was no time agreed on between the defendant, Teasley, and Laura Sadler when the money received by the defendant should be returned to Laura Sadler; and if the defendant rendered no account to Laura Sadler, accompanied by an offer to settle, more than four years prior to the institution of this suit; and if he had not notified Laura Sadler that he no longer held such money as hers, but that it belonged to him, more than four years prior to the bringing of this suit; and if Laura Sadler did not make a demand on the defendant, Teasley, for a return of the money, more than four years prior to the institution of this suit; and if defendant did not repudiate the agency more than four years before this suit was commenced, the plaintiff in this case would be entitled to recover against the defendant." The plaintiffs in error insist that the court committed error in giving this charge, because the right of the plaintiffs below to recover did not depend solely upon whether the debt was barred by the statute of limitations, but whether the money received by Teasley was given to him as a trust fund or delivered to him as a loan. This charge of the court was given in connection with instructions on the subject of the statute of limitations. The court had previously instructed the jury that, before the plaintiffs would be entitled to recover, it must appear that Teasley received the money from Laura Sadler as a trustee, and was simply instructing the jury, in this connection, when the bar of the statute would attach. Construed together with the context, there was no error in this charge.

6. Plaintiffs in error contend that the verdict was contrary to designated portions of the charge, and also contrary to law and the evidence. The verdict was for $1,985 principal and $2,983 interest. The amount of principal can be definitely arrived at from the evidence, and the finding of the jury as to the amount of principal due was fully warranted by the evidence. We are unable to ascertain from the record by what process the jury arrived at the amount allowed for interest. It seems to be excessive. The

evidence showed that Laura Sadler lived with Teasley and that during the time he had her money he made certain payments; but the amount of each and the time when these payments were made does not clearly appear. There are no data upon which the exact amount of interest can be arrived at. Inasmuch as the evidence does not furnish any definite basis for the calculation of interest prior to demand, the right of the plaintiffs to an allowance of interest should be limited to a recovery of the interest accruing between the date of the demand and the date of the verdict. Accordingly, the judgment is affirmed on condition that the defendants in error will, within ten days after the filing of the remittitur in the office of the clerk of the superior court of Hart county, write off all interest in excess of $566.57. This amount is the interest upon the principal found by the jury from the date of the demand up to the time the verdict was returned, calculated at the rate of seven per cent. per annum. If the defendants in error decline to write off the excess of interest in accordance with this judgment, then a new trial is granted.

*Judgment affirmed on condition. All the Justices concur.*