### SOUTHERN PINE COMPANY v. DICKEY.

FISH, C. J. 1. "The auditor shall make an accurate report of all motions made before him, and of his rulings thereon, and reduce to writing a brief of the oral and documentary evidence submitted by the parties. But at the request of either party, any original document introduced in evidence shall be properly identified and attached to the report in lieu of a brief thereof." Civil Code (1895), § 4585; Ib. (1910) § 5131. "After hearing the evidence and argument, the auditor shall file the evidence and a report, in which he shall clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and facts." Civil Code (1895), § 5487; Ib. (1910) § 5133. "For indefiniteness, omissions, errors of calculation, failure to report evidence, errors of law, or other proper cause, the

judge may recommit the report for such further action as may be proper," etc. Civil Code (1895), § 4593; Ib. (1910) § 5139. It follows that the report of an auditor which failed to "clearly and separately state all rulings made by him, classify and state his findings," or in which his findings commingled matters of fact, of law, of argument, and conclusions of law, was not in compliance with the provisions of the statute quoted, and should, upon motion of the party dissatisfied therewith, have been recommitted for the purpose of requiring the auditor to clearly and separately state all his rulings, and to classify them into findings of fact and findings of law, and after so doing to report his conclusions of the law and the facts to the court.

(a) There are good reasons for the requirement of the statute that all rulings made by the auditor should be clearly and separately stated, and that his findings of fact and of law should be separately classified. If the findings of an auditor should commingle matters of fact, of law, of argument, and conclusions of law, the party desiring to except to such findings in so far as they related to a fact or facts would, in a case at law, be placed at a disadvantage when the issue made by his exceptions to such findings was submitted to the jury, because the whole finding in which law, fact, argument, and conclusions of law were commingled would have to be read to the jury, and in this way they might be unduly influenced by the matters of argument and law to the prejudice of the excepting party. Moreover, a party desiring to file exceptions to the report of an auditor is required to separately classify them as "exceptions of law," and "exceptions of fact," and all such "exceptions shall clearly and distinctly specify the errors complained of." Civil Code (1895), § 4589; Ib. (1910) § 5135. The requirement of the statute in respect to clear and separate rulings made by an auditor, and the classification of them into findings of law and findings of fact, necessarily tends to greatly aid parties desiring to except to his findings and to classify his exceptions as exceptions of law and of fact, and to relieve parties in making issues by exceptions, and the court in the disposition of them.

2. Of course the rulings of the auditor upon the admission or rejection of evidence are rulings of law, and should be clearly and separately stated and classified as findings of law, and not merely stated in a brief of the evidence made and filed by him.

3. The report of the auditor in this case failed to comply with the provisions of Civil Code (1895), § 4587; Ib. (1910) § 5133, above quoted, and on this account the court erred in refusing to recommit the report upon the motion of the plaintiff in error, based upon such failure.

4. It appears from the brief of the evidence filed by the auditor that he failed to report therein all of the evidence submitted on the hearing before him, but he referred to various documents as having been put in evidence, and filed by him with the clerk of the court, and thereby made them a part of the evidence reported by him. This was not a compliance with the provisions of Civil Code (1895), § 4585; Ib. (1910) § 5131. This action upon the part of the auditor was also made a ground of the motion to recommit the report. The court should have either recommitted the report on this ground, or required the auditor

to make an additional report of evidence submitted to him, embracing the documents or the material portions of the same, which he had filed with the clerk, and so reported, instead of embracing them in the brief of evidence which he filed.

5. In view of the foregoing, we do not deem it proper to pass upon any of the other assignments of error. After the report has been recommitted and another report made in accordance with the rulings we have announced, either party will be at liberty to take such exceptions thereto as are proper.

*Judgment reversed. Beck, J., absent. The other Justices concur.*
AUGUST 17, 1911.

Exceptions to auditor's report. Before Judge Whipple. Ben Hill superior court. February 23, 1910.

*W. W. Gordon Jr.* and *Haygood & Cutts,* for plaintiff.
*Jay & Jay* and *Elkins & Wall,* for defendant.