## HARDY v. RYLEE.

GILBERT, Justice. The exception is to a judgment overruling a demurrer to an order to show cause why a writ of possession should not issue. Treating the demurrer as an objection to the order, the sole question, as stated by the plaintiff in error, is "whether the description of the land . . is clear and specific and definite enough to be the basis of a writ of possession." The description is: "Said land adjoins J. M. Rylee on the north and northwest, and on the east by Grove River, down the river to the mouth of the branch; thence up the branch to the road; thence up the road to a point for enough to make fifty acres by running out to J. M. Rylee's corner, this road leading from the William Rylee old home place over into the plantation, going in a southern direction." *Held*, that the description is sufficient.

*Judgment affirmed. All the Justices concur.*

No. 11413. JUNE 12, 1936. REHEARING DENIED JULY 3, 1936.

*A. J. Griffin* and *G. P. Marlin,* for plaintiff in error.
*E. C. Stark,* contra.

### ON MOTION FOR REHEARING.

In view of the earnest plea for a rehearing, the following is said as an elaboration of the ruling already made.

The burden is on the plaintiff in error to show reversible error. Failure to do so must result in an affirmance of the judgment of which complaint is made. The bill of exceptions shows that "an auditor's report involving title to land had been made the judgment of the court," to which no exceptions were taken; that the successful litigant had applied for a writ of possession; that said application and the writ of possession described the land (as shown above) ; that the losing litigant demurred to the application, on the ground that "the description of the land as set out in the report of the auditor was so vague and indefinite that a writ of possession could not issue," and if it "was issued according to the report of the auditor and the description of the land therein contained, the sheriff could not know which part of the 285 acres of the old Rylee land to cut the fifty acres off of;" that the land "could not be located and identified by the description in the auditor's report;" that "the metes and bounds could only be arrived at by resorting to extrinsic evidence." The demurrer was overruled, and the writ was issued. That constitutes the entire substance of the bill of exceptions. The record does

not contain any of the pleadings. The nature of the suit is left for inference, the only definite statement made in the bill of exceptions being that the auditor's report involved title to land. The record shows an order of the judge making the report of the auditor the judgment of the court. Then follows an order nisi, reciting that more than thirty days had elapsed since the said judgment was rendered, and requiring Mrs. Nadine Hardy to show cause why a writ of possession should not issue. Then in the record follows the demurrer, the substance of which has been stated above and which is stated in the bill of exceptions, and the judgment overruling the demurrer. After a careful reexamination of the earnest contentions of the movant, a rehearing must be denied, for two reasons. First, we adhere to the ruling that the description is sufficient. It gives a complete boundary on all sides. A surveyor will need only to follow the lines and boundaries named, in order to mark out the land referred to in the writ of possession. This is true whether the land actually contains fifty acres, or more than or less than fifty acres, since the acreage must yield to the boundaries. Second, the findings of the auditor are to be viewed as in the case of a verdict by a jury. The verdict need not be specific in the matter of description, if the land is sufficiently described in the pleadings. *Johnson* v. *Jones,* 68 *Ga.* 825; *Grace* v. *Martin,* 83 *Ga.* 245 (6) (9 S. E. 841); *Rooks* v. *Tucker,* 129 *Ga.* 744, 746 (59 S. E. 778). Movant nowhere complains that the description in the pleadings is not sufficient. That portion of the demurrer which recites that the fifty acres recovered is a part of a larger tract is speaking in that part, and can not be considered on the merits of the demurrer.

*Rehearing denied. All the Justices concur.*