35335. KING *v.* STEEL BUILDERS, INC.

Decided November 9, 1954—Rehearing denied November 30, 1954.

218

*Arthur F. Copland, Paul Blanchard,* for plaintiff in error.
*Swinson, Elliott & Schloth,* contra.

GARDNER, P. J. 1. The petition as amended and the plea and answer and cross-action of the defendant contain many items and involve much evidence. As shown hereinbefore, the auditor had a conference with the attorney for the plaintiff and attorney Holleman, the original attorney representing the defendant. The purpose of the conference of the auditor with the attorneys was to read and discuss a report. The evidence was stenographically reported. Counsel for both parties agreed that the auditor's report was satisfactory, and that no further finding of law or fact was necessary and the form of the report was satisfactory and agreed that the evidence need not be attached, since it was voluminous and (as the auditor put it) the expense was prohibitive. The expense, including the fee of the auditor

and the stenographic report, was agreed upon. The parties agreed to share such expense equally. It is revealed by the record that, if either party desired to make an appeal from the report of the auditor, such party could have all, or such portions of the evidence as such party desired or determined necessary to such appeal—the party desiring such evidence to be responsible for the expense of procuring it.

2. Counsel for the defendant in his brief cites Code §§ 10-201, 10-203, and 10-305. These sections do not bear out the contentions of the defendant under this record. There is nothing in these sections nor in Code § 24-3340, also cited, to provide that the form of the auditor's report, agreed to by all parties and under the stipulations, is void and illegal. There is nothing in the decision of *Snelling* v. *Darrell*, 17 *Ga.* 141, to show that an agreement as to the form of an auditor's report cannot be dispensed with by agreement of the parties. Counsel for the defendant contend that *Hamilton* v. *Conyers*, 25 *Ga.* 158, holds that the brief of evidence is a part of the pleadings and that pleadings cannot be waived. We do not interpret that decision to mean what counsel contend under the facts of this case. *Arendale* v. *Smith*, 107 *Ga.* 494 (33 S. E. 669), and *Greer* v. *Andrew*, 133 *Ga.* 193 (65 S. E. 416), cited by counsel, are not in point under the facts of the instant case. The same is true of *Clements* v. *Fletcher*, 161 *Ga.* 21 (129 S. E. 846). Our attention is called also to *Southern Pine Co.* v. *Dickey*, 136 *Ga.* 662 (71 S. E. 1110). We find no way to apply this decision to aid counsel, when we compare the facts of that case with the facts in the instant case. Our attention is called to *Reynolds* v. *Martin*, 55 *Ga.* 628. This case is not controlling. We are not discussing these cases in detail. We have read them carefully and according to our opinion they have no similarity in facts to the instant case. The auditor did find and pass upon the eight questions submitted to him by the stipulation and agreement.

3. We understand the law to be that a stenographic report of the evidence and a brief of the evidence are interchangeable under Code § 70-301 as amended by Ga. L. 1953, pp. 440-445. At any time after the election to do so, counsel could have had prepared a complete or partial record of the evidence for his use or he could have asked the court to require an additional report.

Moreover, we might add in this connection that the defendant shows no harm to him by reason of the judgment of which complaint is made. See, in this connection, *Candler* v. *Bryan*, 189 *Ga.* 851 (3) (8 S. E. 2d 81).

Regarding the eight questions before the auditor for answer, counsel for the defendant contends that these questions, or some of them, go beyond the pleadings, and are therefore improper. The issues in a case are generally made by the pleadings. Litigants may specify the issues to be tried so long as issues are confined to those properly triable before the authority before which the case is being heard. Counsel, as to procedural matters, has the authority to represent his client, in the absence of the client, and without his client's authority or consent. See generally on this question, 7 C. J. S. 917, § 100. As somewhat analogous, see *Sullivan* v. *Federal Farm Mortgage Corp.*, 65 *Ga. App.* 193 (15 S. E. 2d 551).

The court did not err in refusing to recommit the auditor's report and in entering final judgment against the defendant.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*