## 20732. MENDENHALL *v.* KINGLOFF.

DUCKWORTH, Chief Justice. This action arose out of a joint venture to develop certain land in Fulton County, Georgia, in which the two parties were to contribute certain assets and service and each was to receive a certain share of the profits. The parties differ as to the amount of the share each was to receive, and both the petition and the answer contained prayers for an accounting. The court appointed an auditor over objection of the petitioner that a full accounting had been offered to the defendant, substantially supported by documents, and no expensive accounting was necessary. The court also, in the order appointing the auditor, authorized him to employ such stenographic help, aid and assistance as would facilitate the proceedings, and to employ a certified public accountant to audit the records involved in the case if the auditor, in his discretion, deemed this advisable, to receive the same compensation as customarily charged by certified public accountants in Fulton County, Georgia. Exception is taken to this order by the petitioner as an abuse of discretion, there being no need or desirability for an auditor's hearing in the case.

Thereafter, after numerous hearings, the auditor filed his written report, and the court issued a rule nisi to show cause why the fees, charges, costs and expense should not be assessed as recommended by the auditor, that is—50% to the plaintiff and 50% to the defendant. Exceptions of fact and a motion to recommit for the purpose of clarifying and making more specific the findings of the auditor were then made. The court, after oral argument, passed an order directing that the cost of the court reporter be divided equally between the parties, that certain sums be paid by the plaintiff on account to the auditor and certified public accountant, the final amounts to be held in

the breast of the court pending further consideration. The plaintiff in error also excepts to this order as being an abuse of discretion. Thereafter the motion to recommit was denied, and there is an exception to this order. The court then rendered its final decree overruling all exceptions of the plaintiff and defendant to the auditor's report, approved the report, and rendered a final judgment in favor of the plaintiff for $37.50; provided for the payment of fees and assessed all costs not previously provided for, exclusive of the compensation awarded the court reporter, charging 95% against the plaintiff and 5% against the defendant. To this final order the plaintiff also excepts as being error and an abuse of discretion. By such order the certified public accountant received the total compensation of $3,017 for his services, and the auditor received $2,500. *Held:*

1. While it is strongly argued by counsel for the plaintiff in error that a full accounting had been offered to the defendant, and no accounting was necessary, and that he amended his prayers to sue for a definite amount, and no equity remained in the case, yet he prayed for an equitable accounting, and under the authority of Code § 37-301 equity has jurisdiction of matters of account between partners and tenants in common, and the parties here were involved in a joint venture to sell real property which they owned jointly, for which both sought an accounting. This court has held in *Douglas-Guardian Warehouse Corp.* v. *Todd,* 212 *Ga.* 791 (76 S. E. 2d 275), and cases cited therein, that the test of a case as made by the writ of error is not what it might have been at any given time during its pendency in the trial court, but what remains in it when brought by bill of exceptions for review. Thus, under the existing facts, this case is still an equitable one, and the Supreme Court has jurisdiction of the writ of error.

2. A mere casual examination of this voluminous record shows that the claims of the plaintiff that it was unnecessary to appoint an auditor and have an expensive accounting were verified by the findings, since the auditor found that the plaintiff's books and records were substantially correct. However, under Code Ch. 10-1, it is always discretionary with the court in a case involving matters of account to refer it to an auditor. *Teasley* v. *Bradley,* 120 *Ga.* 373 (47 S. E. 925); *Cherokee Ochre Co.* v. *Georgia Peruvian Ochre Co.,* 162 *Ga.* 620 (134

S. E. 616); *Darien Bank* v. *Clifton*, 162 *Ga.* 625 (134 S. E. 619); *Lawrence* v. *Patterson*, 170 *Ga.* 419, 420 (4) (153 S. E. 29); *Ten-Fifty Ponce de Leon Co.* v. *C. & S. Nat. Bank*, 170 *Ga.* 642 (1) (153 S. E. 751); *Edwards* v. *Nat. Finance Co.*, 172 *Ga.* 884 (159 S. E. 256). It follows that the court did not err in referring the case to an auditor.

3. The general rule is that costs in civil cases can not be demanded or required to be paid until after judgment except in the case of nonresident plaintiffs and attorneys and certain statutory exceptions. Code § 24-3409. *Ballin & Co.* v. *Ferst & Co.*, 55 *Ga.* 546 (10). And while this rule may not apply strictly to equity cases (see *Ward* v. *Barnes*, 95 *Ga.* 103, 106, 22 S. E. 133), yet no reason is shown or given authorizing the court here to require the plaintiff to advance costs to the court reporter, auditor, and certified public accountant before final judgment. Hence the court abused its discretion in requiring him to advance certain costs, which order of the court is excepted to by the plaintiff in error.

4. Code § 10-501 authorizes the court to tax the fees of the auditor for reporting the evidence not to exceed $500, and also for reporting the findings, "but in no case shall the total fees for all services rendered by the auditor exceed $1,000." The foregoing law does not in any degree authorize the judge to award compensation to anyone other than to the auditor. However, under Code § 10-502, the court may, with the consent of the parties, fix the fees of the auditor in advance. Thus, within the above limits and in equity cases, the taxing of the auditor's fee is a matter within the discretion of the court, and the exercise of such discretion will not be interfered with unless abused. *Loveless* v. *McCollum*, 185 *Ga.* 751 (1) (196 S. E. 428). Where, as here, the plaintiff in error objected strenuously to the appointment of the auditor and did not consent to the employment of the certified public accountant, and excepted to the award of compensation to both, the court abused its discretion in awarding such sums in excess of those allowed under Code § 10-501, and the judgments awarding such sums are hereby reversed in so far as they authorize such excessive fees. While it is contended by the auditor that the parties stipulated as to the compensation to be paid him, which would not be limited by the statute, the record at page 908 sets forth the following colloquy between counsel for the petitioner and the defendant: "Mr. Feagin: I will

agree that the court fix the compensation of the auditor within its discretion . . . Mr. Peck: We concur in that agreement." This agreement would not in any degree authorize the judge to disregard the statute and fix the fees beyond the limitations fixed by law. Further examination of the record discloses that the auditor submitted as a part of his report certain conclusions of law and fact entitled "Claims Involving the Cost of Litigation," in which it was stated that the parties had stipulated that the auditor's fee would not be limited by law. This amounts to no more than a recommendation as to the setting of the fee, and the failure of the plaintiff in error to except is not binding upon him, since the auditor is in no wise authorized to set his fee, which is the duty of the court. The record does not disclose any agreement to fix a fee which would not be limited by the law. Code §§ 10-501, 10-502.

The court also abused its discretion in assessing the costs at 95% against the plaintiff and 5% against the defendant. The auditor's report, which recommended that each be assessed 50%, the evidence, and the pleadings show that the burden in referring this case to an auditor and building up this tremendous record of almost 1200 pages, totally unnecessary under the circumstances, should be borne equally by the parties. Direction is thus given that all legal costs which can be taxed against the parties be assessed equally against the defendant and the plaintiff.

5. The exceptions of fact to the auditor's report are made in two grounds, the first of which is to the finding that the agreement between the parties as to profits was as claimed by the defendant and necessarily not as claimed by the plaintiff. The ground of the complaint is in effect the same as that made by the general grounds of a motion for new trial. On this question the evidence was in conflict, hence there is no merit in this complaint since the finding of the auditor was discretionary, there being evidence to support his findings.

6. The other ground of the exceptions of fact is in substance the same as ground 2 of the motion to recommit, which complains that in the auditor's Exhibit "A" the costs of the repossession of six sales of property were not allowed as expenses of operation, said costs being in the amount of $5,695.07. Examination of Exhibit "B," which contains a summary of repossessed properties, shows that the cost of repossessing these

properties was properly considered by the accountant, and said cost is properly reflected in the figure of net proceeds from repossession of all properties. While the conclusions of fact show numerous errors and incorrect figures in discussing in narrative form the findings which do not agree with the figures found in the auditor's summary attached as Exhibit "A," these are mere errors in restating his findings, inasmuch as the conclusion finding in favor of the plaintiff in the sum of $37.71 is the same as that shown in the exhibit. It is obvious that these errors are the result of misstating his findings in this narrative statement. Further examination of the report, in considering the other four grounds of the motion to recommit, also discloses some minor errors in the findings and figures, none of which affect the overall findings. Hence neither the other exception to the findings of fact nor the motion to recommit has any merit, since the errors found in the report were harmless. The court did not err in denying the motion to recommit, in overruling the exceptions of fact, and in approving the auditor's report.

7. But the finding in favor of the plaintiff for $37.71 is not properly shown by the final decree approving the report and awarding judgment for $37.50 instead of $37.71, set forth in the auditor's report. Thus for this reason the final judgment must be reversed in order to correct this error and the errors in the assessment of fees. However, under the above rulings, no further proceedings in the lower court are required except that the final judgment be modified so that the amount of the judgment awarded the plaintiff, costs and fee of the auditor, be corrected as directed. The final judgment is affirmed as to the approval of the report of the auditor, denial of the motion to recommit, and exceptions of fact, but reversed as to the ancillary and final rulings on costs and the fee of the auditor and the amount awarded the plaintiff. Accordingly, a material benefit and change in the final judgment which must be altered, having been granted to the plaintiff in error, further direction is given that the entire costs of bringing this case to this court for review be taxed against the defendant in error. Code §§ 6-1704, 24-3401.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

Argued January 12, 1960—Decided February 11, 1960.

John E. Feagin, John H. Hudson, for plaintiff in error.
Moreton Rolleston, Jr., contra.