## 63256. NORAIR ENGINEERING CORPORATION et al. v. SAINT JOSEPH'S HOSPITAL, INC.

SHULMAN, Presiding Judge.

This lawsuit is one of many which had their inception in the construction of St. Joseph's Hospital in Savannah. For a more detailed factual setting, see *Frank B. Wilder & Assoc. v. St. Joseph's Hospital,* 132 Ga. App. 373 (208 SE2d 145); and *Norair Engineering Corp. v. St. Joseph's Hospital,* 147 Ga. App. 595 (249 SE2d 642). Because of the numerous parties and the nature of the lawsuits, the trial court referred the matter to an auditor. See Code Ann. § 10-102. On April 13, 1977, the auditor issued his report as to the cross claim of Norair et al. against Dan J. Sheehan Company and the cross claim of Sheehan against Norair. The trial court affirmed the report and ordered that final judgment be entered in favor of Dan J. Sheehan Company. Norair appeals from the entry of the judgment against it, contending that the trial court erred when it failed to recommit the auditor's report.

1. Pursuant to Code Ann. § 10-305, Norair filed exceptions in the trial court to the auditor's three and a half page report, maintaining that it was violative of Code Ann. §§ 10-201 and 10-203. Code Ann. § 10-201 requires the auditor to make an accurate report of all motions made before him and of his rulings thereon, and to reduce to writing a brief of the oral and documentary evidence submitted by the parties.

In its review of the auditor's report, the trial court concluded that no motions which required rulings were made before the auditor. It further found that the auditor filed the documentary evidence and a stenographic report of the oral testimony, an authorized procedure. See *McKenzie v. Perdue,* 67 Ga. App. 202 (5) (19 SE2d 765), revd. on other grounds, 194 Ga. 356 (21 SE2d 705). We agree with the trial court's determination that the report was not at odds with Code Ann.

§ 10-201.

2. Norair's objections based on Code Ann. § 10-203 require more scrutiny. Under that section, "the auditor shall file the evidence and a report, in which he shall clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and the facts." Norair maintains that the report should have been recommitted to the auditor in order that he might classify his findings into those of fact and those of law, and then separately report his conclusions of fact and law. The auditor's three and a half page report presently is not so categorized.

The appellate courts of this state have recognized two reasons for the requirement that the auditor's findings of fact and of law should be separately classified: (1) to avoid undue influence on the jury; and (2) to aid the parties in formulating their exceptions to the auditor's report. *Southern Pine Co. v. Dickey,* 136 Ga. 662 (1a) (71 SE 1110). We find neither of these reasons applicable in this non-jury case concerning nine sentences of findings and conclusions, and we refuse here to elevate form over substance. Since the report was not rendered indefinite by the lack of classification and since no harm resulted from the trial court's refusal to recommit the report, we affirm. *Mendenhall v. Kingloff,* 215 Ga. 726 (6) (113 SE2d 449); *Candler v. Bryan.* 189 Ga. 851 (3) (8 SE2d 81); *Callan Court Co. v. C. & S. Nat. Bank,* 184 Ga. 87, 124 (1) (190 SE 831).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 6, 1982 —
REHEARING DENIED JULY 19, 1982 —

*Ronald E. Ginsberg, Erwin A. Friedman,* for appellants.
*Walter C. Hartridge,* for appellee.