A92A1219. SORRENTINO et al. v. BOSTON MUTUAL LIFE INSURANCE COMPANY.
(426 SE2d 594)

BEASLEY, Judge.

Appellee sued appellants to recover $53,548.32 plus interest and attorney fees on an unpaid promissory note. Appellants counterclaimed for damages based on lost business opportunities. The trial court awarded summary judgment to appellee on the counterclaim and granted it partial summary judgment on the main claim as to appellants' liability on the note. It denied summary judgment with respect to damages, because a jury question remained as to the actual amount due.

On motion by appellee, an auditor was appointed under OCGA § 9-7-3 to investigate the account and report its findings to the trial court. Appellants interposed no formal objection and did not request a hearing on the motion until after the entry of the court's order. Then they filed a motion for reconsideration. Following a hearing before the court-appointed auditor, a report was filed with the trial court. Neither party filed exceptions to the auditor's report as permitted by OCGA § 9-7-14. The trial court adopted the auditor's findings under OCGA § 9-7-21 (a) and entered final judgment against appellants for $20,308.66 principal plus $2,030.86 attorney fees and court costs. It further ordered each party to pay auditor's costs of $709.38. The notice of appeal specifies that the final judgment, the summary judgment order, the order appointing an auditor, and the findings of the auditor are appealed.

Appellee has filed two separate motions to dismiss the appeal.

1. It cites OCGA § 5-6-35 (a) (1), which requires an application in "[a]ppeals from decisions of the superior courts reviewing decisions of . . . auditors . . . by certiorari or de novo proceedings. . . ." However, the present case is not one which "two tribunals had already adjudicated. . . ." *Citizens &c. Nat. Bank v. Rayle*, 246 Ga. 727, 730 (4) (273 SE2d 139) (1980). This auditor's report was confined to findings of fact and reporting to the state court. Compare *Ravan v. Stephens*, 248 Ga. 289 (282 SE2d 312) (1981) (auditor made findings of fact and conclusions of law). A direct appeal was authorized under OCGA § 5-6-34 (a) (1).

2. Appellee asserts that appellants have not complied with OCGA § 9-7-22 (c), which requires that auditor's fees "shall be assessed as court costs and shall be paid prior to the filing of any appeal. . . ." The requirement, added in 1988 (Ga. L. 1988, p. 408) is mandatory and jurisdictional. See *Carson v. Auto. Financing*, 96 Ga. App. 336 (1) (99 SE2d 903) (1957), regarding OCGA § 5-6-4, a comparable and complementary provision as to court costs.

*Appeal dismissed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 30, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992.

*Charles E. Leonard*, for appellants.
*Crowe & Mann, Wayne C. Crowe*, for appellee.

