S96G0452. McCAUGHEY v. MURPHY.
(473 SE2d 762)

CARLEY, Justice.

Alleging debts arising out of their partnership agreement, Murphy brought suit against McCaughey. McCaughey answered and counterclaimed against Murphy. On Murphy's motion, the superior court appointed an auditor who concluded that McCaughey owed Murphy $632,334. When the superior court entered judgment on the auditor's report, McCaughey appealed directly and Murphy cross-appealed. The Court of Appeals dismissed the appeals for failure to follow the discretionary appeal procedures. We granted McCaughey's petition for certiorari to consider what standards appellate courts should apply in determining whether a judgment entered by a supe-

rior court on an auditor's report is subject to the application procedures of OCGA § 5-6-35 or is directly appealable.

1. OCGA § 5-6-35 (a) (1) requires an application for a discretionary appeal "from decisions of the superior courts reviewing decisions of . . . auditors. . . ." The Auditors Statute, OCGA § 9-7-1 et seq., contemplates that an auditor's report shall be a complete disposition of all legal and factual issues and that, as such, it will be a final report subject to specified judicial review. *Carmichael v. Carmichael*, 248 Ga. 216, 218 (1), 221 (7) (282 SE2d 71) (1981). See also OCGA §§ 9-7-8; 9-7-13; *Pickens v. Jackson*, 161 Ga. 124 (1) (129 SE 639) (1925). This principle is applicable in proceedings in equity and at law. *Chandler v. Merchants' &c. Nat. Bank*, 30 Ga. App. 694 (1) (118 SE 785) (1923). Accordingly, the judgment in a case in which the superior court has reviewed an auditor's final "report which contains *findings of fact and conclusions of law*" will be subject to the discretionary appeal procedure. (Emphasis supplied.) *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 731 (273 SE2d 139) (1980).

2. If the auditor's report does not contain conclusions of law, the trial court may, in its discretion, either recommit the report to the auditor or decline to do so. *Carmichael v. Carmichael*, supra at 219 (1); *Walls v. Savage*, 243 Ga. 198, 205 (11) (253 SE2d 183) (1979). If the trial court declines to recommit for conclusions of law, it cannot be said that the auditor, functioning as a lower tribunal, rendered a final report. Thus, the case will not be one which, as contemplated by OCGA § 5-6-35 (a) (1), "two tribunals had already adjudicated. . . ." *C & S Nat. Bank v. Rayle*, supra at 730. Therefore, in such a case, a direct appeal would be authorized. *Sorrentino v. Boston Mut. Life Ins. Co.*, 206 Ga. App. 771, 772 (1) (426 SE2d 594) (1992).

3. If the findings of fact and conclusions of law are commingled, the auditor's report should ordinarily be recommitted for the purpose of requiring a clear and separate classification of the findings and conclusions. The reasons for this recommittal are to aid the parties in formulating their exceptions of fact and of law to the auditor's report, and to aid the trial court in the disposition of those exceptions. *Exchange Nat. Bank v. McDonald*, 179 Ga. 464, 469-470 (2) (176 SE 18) (1934); *Gormley v. Slicer*, 178 Ga. 85, 89 (5) (172 SE 21) (1933); *Southern Pine Co. v. Dickey*, 136 Ga. 662 (1) (71 SE 1110) (1911). See also OCGA § 9-7-8. Compare *Norair Engineering Corp. v. St. Joseph's Hosp.*, 163 Ga. App. 167, 168 (2) (290 SE2d 145) (1982); *King v. Steel Builders*, 91 Ga. App. 203, 219 (2) (85 SE2d 466) (1954). Thus, where the auditor commingles the findings of fact and conclusions of law and the report is not recommitted, the auditor has not submitted a final report and the superior court has not functioned as a reviewing tribunal. Again, the case will not be among those contemplated by OCGA § 5-6-35 (a) (1) and a direct appeal would be authorized.

4. Based upon the foregoing, an application for discretionary appeal is required *only* when the auditor's report contains separate findings of fact and conclusions of law and is, therefore, complete. When the report is incomplete and was not recommitted to the auditor, there has been *no* adjudication by two tribunals and the case is directly appealable.

In the instant case, the report of the auditor, who was an accountant, primarily contains a detailed factual analysis. His report also contains conclusory statements that McCaughey either was or was not liable for a certain amount under each count of Murphy's complaint. Such statements as to McCaughey's liability relate to the ultimate facts of the case and do not constitute applicable legal conclusions. See *Weimer v. Cauble*, 214 Ga. 634, 637 (106 SE2d 781) (1959). See also *Hardy v. Rylee*, 182 Ga. 618, 619 (186 SE 727) (1936) (On Motion for Rehearing). "[A]n ultimate conclusion will not suffice as findings of fact and conclusions of law." *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100, 101 (1) (235 SE2d 617) (1977). In a reply brief, Murphy specifies a single statement, out of the 14 pages of the auditor's original and amended reports, as a genuine conclusion of law. However, even if the auditor's report is construed as containing one or more conclusions of law, those conclusions are commingled with findings of fact. The report was not recommitted to the auditor. Accordingly, the auditor submitted no final report containing separate findings of fact and conclusions of law for the superior court's review. The judgment of the superior court in this case is, therefore, directly appealable. It follows that the Court of Appeals erred in dismissing McCaughey's direct appeal and Murphy's cross-appeal.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 15, 1996 —
RECONSIDERATION DENIED SEPTEMBER 6, 1996.

*Hull, Towill, Norman & Barrett, David E. Hudson,* for appellant.
*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell, Elizabeth McLeod,* for appellee.