**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 31, 2012**

# In the Court of Appeals of Georgia

A12A0480. PATEL v. EPPS.

BARNES, Presiding Judge.

Because Mrunalini Patel appeals from an order of the superior court reviewing the decision of a special master appointed under the Auditors Statute, OCGA § 9-7-1 et seq., she was required to follow the discretionary appeal procedure mandated by OCGA § 5-6-35 (a) (1). Rather than follow that procedure, Patel filed a direct appeal under OCGA § 5-6-34. Consequently, we must dismiss this appeal for lack of jurisdiction.

The record shows that Patel and Thomas Epps own adjoining residential lots in an Atlanta subdivision. When Patel began constructing a concrete wall, a dispute arose between the parties over the location of the boundary line between their lots. Unable to resolve their dispute, Epps filed suit against Patel in the Superior Court of

Fulton County, alleging that the wall crossed the boundary line and encroached onto his property.

With the consent of the parties, the superior court appointed a special master under the Auditors Statute, OCGA § 9-7-1 et seq., "to resolve all issues, factual and legal, presented in the above-captioned matter relating to the boundary lines separating the properties owned by the parties." After inspecting the area of the disputed boundary line with the parties' surveyor witnesses and conducting an evidentiary hearing, the special master issued her report containing findings of fact and conclusions of law in which she found in favor of Epps regarding the location of the boundary line.

Pursuant to OCGA § 9-7-13, the superior court subsequently recommitted the report to the special master to evaluate whether to modify it. A second hearing was conducted by the special master, after which she entered a supplemental report that incorporated the findings of fact contained in the first report and included additional conclusions of law.

The superior court thereafter entered its "Final Order and Judgment" in which the court reviewed and adopted the original and supplemental reports of the special

master as the order of the court. Patel filed a direct appeal from the superior court's order.[1]

"Although not raised by the parties, we first must address whether a direct appeal was authorized in this case." *Martinez v. Martinez*, 301 Ga. App. 330 (1) (687 SE2d 610) (2009). See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006) ("This [C]ourt has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court.") (footnote omitted). OCGA § 5-6-35 (a) (1) provides that an application for a discretionary appeal is required for appeals "from decisions of the superior courts reviewing decisions of . . . auditors." Construing this provision, our Supreme Court has held that "the judgment in a case in which the superior court has reviewed an auditor's final report which contains findings of fact and conclusions of law [is] subject to the discretionary appeal procedure." (Citation, punctuation, and emphasis omitted.) *McCaughey v. Murphy*, 267 Ga. 64, 65 (1) (473 SE2d 762) (1996). See *Ravan v. Stephens*, 248 Ga. 289, 289-290 (282 SE2d 312) (1981); *Citizens & Southern Nat. Bank v. Rayle*, 246 Ga. 727, 731 (273 SE2d 139) (1980).

---

[1] Patel appealed directly to the Supreme Court of Georgia, but the appeal was transferred to this Court for lack of Supreme Court jurisdiction.

3

Here, the superior court expressly stated that it was referring issues relating to the boundary dispute to a special master in accordance with the Auditors Statute, OCGA § 9-7-1 et seq., and pointed out that its use of the term "special master" was synonymous with the term "auditor." See OCGA § 9-7-1. The special master thereafter entered reports containing findings of fact and conclusions of law which the superior court reviewed and adopted as its own. Accordingly, under OCGA § 5-6-35 (a) (1) and the Supreme Court precedent construing it, Patel was required to follow the discretionary appeal procedure in this case. See *McCaughey*, 267 Ga. at 65 (1); *Ravan*, 248 Ga. at 289-290; *Citizens & Southern Nat. Bank*, 246 Ga. at 731.[2] Because Patel failed to follow that procedure, we have no jurisdiction over this appeal, which must be dismissed.

*Appeal dismissed. Adams and McFadden, JJ., concur.*

---

[2] The discretionary appeal procedure required by OCGA § 5-6-35 (a) (1) does not apply where, in contrast to the present case, the special master is appointed pursuant to Uniform Superior Court Rule 46. See *Standard Bldg. Co. v. Schofield Interior Contractors*, __ Ga. App. __ (1) (Case No. A11A1869, decided on Mar 29, 2012); *Alston & Bird LLP v. Mellon Ventures II, LP*, 307 Ga. App. 640, 642 (1) (706 SE2d 652) (2010).

July 27, 2012

ON MOTION FOR RECONSIDERATION

Patel has filed a motion for reconsideration of our decision. Citing to *McCaughey v. Murphy*, 267 Ga. 64 (473 SE2d 762) (1996), and *Sorrentino v. Boston Mut. Life Ins. Co.*, 206 Ga. App. 771, 772 (1) (426 SE2d 594) (1992), Patel argues that the superior court's order was directly appealable because the report and supplemental report submitted to the court by the special master appointed under the Auditors Statute did not resolve all of the underlying factual and legal issues in the case. But *McCaughey* and *Sorrentino* stand only for the proposition that a direct appeal is authorized when the auditor's report fails to contain separate findings of fact and conclusions of law. Because the report and supplemental report submitted to the superior court in the present case contained separate findings of fact and conclusions of law, *McCaughey* and *Sorrentino* are inapposite.

Furthermore, it is clear from the superior court's "Final Order and Judgment" adopting the original and supplemental reports of the special master that the superior court itself treated the reports as addressing and resolving all of the underlying factual and legal issues pertaining to the claims still pending in the case. Thus, Patel's contention is really that the superior court erred in how it construed the special master's reports, a contention that goes to the merits of the superior court's ruling rather than the threshold question of jurisdiction. See *Horne v. Andrews*, 264 Ga.

App. 145, 147 (2) (589 SE2d 719) (2003) ("Jurisdiction either exists or does not exist without regard to the merits of the case.") (punctuation and footnote omitted).

Patel also argues that the superior court's order is directly appealable under OCGA § 5-6-34 (d) because the order went beyond simply reviewing and adopting the original and supplemental reports of the special master.[1] The superior court's order, when read in conjunction with the briefs filed by the parties in the court below, addressed and ruled on two interrelated issues: (1) whether to approve Patel's exceptions filed pursuant to OCGA § 9-7-14 of the Auditors Statute and modify the special master's reports, and (2) whether to grant Patel's request to have her exceptions of fact to the special master's reports tried before a jury pursuant to OCGA § 9-7-17 of the Auditors Statute. In its order, the superior court rejected Patel's exceptions and instead adopted the special master's reports as the order of the court. The superior court also denied Patel's request to have the exceptions of fact tried

---

[1] OCGA § 5-6-34 (d) provides in relevant part: "Where an appeal is taken under any provision of subsection (a), (b), or (c) of [OCGA § 5-6-34], all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere."

2

before a jury, based upon the court's finding that all non-equitable claims had been voluntarily abandoned by Epps.

Contrary to Patel's suggestion, the superior court's denial of Patel's request to have the exceptions of fact tried before a jury does not render the court's order directly appealable under OCGA § 5-6-34 (d).

> [T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal. A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35. This approach fulfills the legislature's intent to give appellate courts more discretion in managing their caseload. Otherwise, any party could avoid the discretionary review procedure by seeking relief, however inappropriate, that would trigger the right to a direct appeal.

(Footnote omitted.) *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994). See *Ferguson v. Composite State Bd. of Medical Examiners*, 275 Ga. 255, 256-257 (1) (564 SE2d 715) (2002). Here, the underlying subject matter involved the superior court's review of a decision by a special master appointed under the Auditors Statute for which an application for discretionary appeal was required under OCGA § 5-6-35 (a) (1). And Patel's request for a jury trial was not independent of her challenge to

3

the special master's decision, given that her request was predicated on a provision of the Auditors Statute itself (OCGA § 9-7-17) and addressed the same exceptions of fact forming her challenge to the special master's decision. Consequently, in light of the underlying subject matter, Patel was required to file an application in accordance with that statute irrespective of the superior court's ruling on her request for a jury trial. See *Ravan v. Stephens*, 248 Ga. 289 (282 SE2d 312) (1981) (concluding that discretionary appeal was required in case where superior court reviewed and approved auditor's report, but also issued a permanent injunction).

This conclusion is supported by *Citizen & Southern Nat. Bank v. Rayle*, 246 Ga. 727, 728 (273 SE2d 139) (1980). In that case, our Supreme Court dismissed an appeal for failure to follow the discretionary appeal procedure, where the appellant was seeking to appeal a superior court order reviewing and approving an auditor's report, although one of the enumerated errors was the superior court's "denial of a jury trial." The Supreme Court held that "[i]n accordance with the intended purpose" of the discretionary appeal statute, "all of the enumerated errors in [the] case [were] subject to the application requirement" imposed by that statute. Id. at 731. *Rayle* directly controls and is binding precedent supporting the dismissal of this appeal.

4

For these combined reasons, Patel has failed to show that we overlooked a material fact that would require a different result on appeal. Nor has Patel shown that we overlooked controlling authority or erroneously construed or misapplied any of the authorities cited in the original opinion. Therefore, Patel's motion for reconsideration is DENIED. See Court of Appeals Rule 37 (e).